the obligor was unable to pay the debt, or that he could not be found in the place or county of his usual abode, or that some other thing or casualty did happen, whereby the assignee was not able to receive or recover his debt from the obligor, he, the assignee, having used due diligence therefor. What shall amount to due diligence is a question of law for the decision of the court, arising upon the facts of the case.

The court do therefore reverse the judgment, and order a *procedendo* to issue.

JUDGMENT REVERSED, &c.

---

## STEWART's Lessee vs. EVANS.

*Appeal* from *Somerset* County Court. Ejectment for part of two tracts of land, one called *Dashiell's Lott*, and the other *Steven's Folly*. The case was admitted to be this: Col. *John Stewart* was actually seized, in fee simple, of the lands mentioned in the declaration, and also of other lands of equal value with those mentioned in the declaration; and being so seized thereof, on the 12th of June 1794, died intestate, leaving two children, to wit, *Jane Gale*, a daughter, and *Alexander Stewart*, a son, his heirs at law under the acts of descents of this state; to whom the said lands descended. That a division and partition of the said lands were made according to law, between *Jane Gale* and *Alexander Stewart*, and those lands mentioned in the declaration were allotted to *Jane Gale*, as her part of her father's real estate, to hold in fee simple and in severalty, and into which she entered and was actually seized thereof in fee simple, and in severalty; and being so seized, in November 1797, died intestate, and without issue, leaving the said *Alexander Stewart*, her only brother and heir at law, to whom from her the said lands, in the declaration mentioned, descended. *Alexander Stewart*, after the death of *Jane Gale*, entered into the lands so allotted to *Jane*, and as brother and heir at law of *Jane*, was actually seized thereof in fee simple: and being so seized, on the 22d of June 1810, died intestate, and without issue, or father, mother, brothers or sisters, or descendants from either, and leaving the following persons, his relations, living at the time of his death,

1812.

Stewart
vs
Evans

JUNE (E. S.)

J S seized of lands, died intestate in 1794, leaving A, a son, and J, a daughter, between whom a division and partition were made according to law. In 1797 J died intestate, and without issue, leaving A, her brother, her heir at law. In 1810 A died intestate, and without issue, or father, mother, brothers or sisters, or descendants from either, but leaving S, the eldest son of W, deceased, who was the eldest brother of J S, and who was the eldest and only uncle of A, and which W died before A. Also other children, and grandchildren of W, and the children, grandchildren, and great grandchildren of sisters of J S. *Held*, that the lands which descended from J to her brother A, on his death intestate, and without issue, were embraced by the act of 1786, ch. 45, to direct descents, and were to descend under the provisions of that act.

viz. *John Stewart*, the lessor of the plaintiff, who is the eldest son of *William Stewart*, deceased, who was the eldest brother of Col. *John Stewart*, and who was the eldest and only uncle of *Alexander Stewart*, and which *William Stewart* died before the said *Alexander*. *Alexander Stewart* also left other relations living at his death, viz. other children, and grandchildren of the said *William Stewart*, and children, grandchildren, and great grandchildren, of sisters of the aforesaid *John Stewart*.

The question submitted to the court on these facts was, whether or not *John Stewart*, the lessor of the plaintiff, being the oldest son of *William Stewart*, who was the oldest brother of Col. *John Stewart*, and oldest and only uncle of *Alexander Stewart*, was not entitled, as heir at common law, to the lands in question? Or, whether the said lands descended according to the act of assembly to direct descents? The county court gave judgment for the defendant, and the plaintiff appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, NICHOLSON, and JOHNSON, J.

*Martin, Bullitt* and *Whittington*, for the Appellant. The only question is, whether the land, into which *Alexander Stewart* entered on the death of his sister, *Jane Gale*, and which descended from her to him, was operated on by the act to direct descents, 1786, *ch.* 45; if it was not, then the lessor of the plaintiff, as the eldest son of *William Stewart*, who was the eldest brother of Col. *John Stewart*, is entitled to the whole of *Jane Gale's* part; but if it is operated upon by that act, then others must come in for a part. There would be no doubt, except for the act to direct descents, that the lessor of the plaintiff is entitled to the land. Doth that act bar him? The person last seized, and who died seized, is the stock from whom the representatives must claim, without regard to the manner he or she obtained it. *Hale's Hist. C. L.* 246. 2 *Bac. Ab.* 29. Suppose before the act to direct descents, lands descended from the nephew to an uncle, (living the father,) and then the uncle died, who would then inherit—the uncle's children or the father? *Co. Litt.* 11, 12, *s.* 4. You are precluded from showing how *Jane Gale* entered on the land. Suppose she purchased it, would that make any difference? *Doe vs. Whichelo*, 8 *T. R.* 211. *Goodtitle vs.*

*Newman*, 3 *Wils*. 526. *Doe vs. Morgan*, 7 *T. R.* 99. *Doe vs. Keen*, *Ibid* 382. Would the partition between *Alexander Stewart* and *Jane Gale* alter the nature of the estate; or in other words, does it make them hold by purchase and not by descent? *Alexander Stewart* did not acquire the land, but *from* his sister. She was seized, and *scisina facit stirpem*. Did he claim the land *through* the father? The descent from brother to brother, or from sister to brother, is immediate, and not through the father. *Collingwood & Pace*, 1 *Ventr.* 423. Where a statute uses words known to the common law, you must resort to the common law for their meaning. 4 *Bac. Ab.* 647. The preamble of a statute cannot enlarge the enacting clause. 7 *Bac. Ab.* 551, 553.

*W. B. Martin, J. Bayly, T. Bayly,* and *Wilson*, for the Appellee. The common law rules have nothing to do with this case, but it depends on the true construction of the act to direct descents, 1786, *ch.* 45. The land descended *immediately* from the sister, and *mediately* from the father. Although the descent was not from or through, yet it was on the part of the father. On the construction of statutes, the preamble may serve to explain doubtful expressions. 6 *Bac. Ab.* 381, 384. In the construction of the act to direct descents, that part which says, if the estate descended on the *part of the father*, it should go to him, means that he should be the stock from whom the other claims should be ascertained.

JUDGMENT AFFIRMED.

Stewart vs. Collier's Lessee.

JUNE (E. S.)

APPEAL from *Somerset* County Court. Ejectment for an undivided eighth part of a tract of land called *The Ferry Quarter*. The facts were these: Col. *John Stewart* died intestate in 1794, seized in fee simple, as well of the land above mentioned as of other lands, leaving two children, viz. *Alexander Stewart* and *Jane Gale*, to whom said lands descended, as his heirs at law, under the act of 1786, *ch.* 45. A division was made of the lands after the death of Col. *Stewart*, between *Alexander* and *Jane*, and the land *per capita*, and not *per stirpes*, to the exclusion of the grandchildren.

1812.

Stewart vs Collier

A S died in 1810, intestate, & without issue, seized of lands which descended to him on the part of his father, leaving no mother, brother or sister, or any descendants from either; but leaving grandchildren, of an uncle and aunts, the brother and sisters of his father—*Held*, that the children of the deceased uncle and aunts took