ELIZABETH L. GARNER *vs.* GEORGE H. WOOD, and others.

*Descent and Distribution—Real estate—Money derived from Sale of Real estate.*

Where a person seized of an estate by purchase, dies intestate, without lineal descendants, and leaving as his only heir-at-law the son of his deceased sister, the son takes by descent immediately from his uncle, but mediately from his mother, and upon his death intestate, and without issue, the estate goes to his heirs of the blood of his mother under the Act to Direct Descents which provides that if the estate descended to the intestate on the part of his mother, it shall go to his heirs of the blood of his mother.

Where the land of an intestate is sold to pay his debts, the fund arising therefrom remaining in Court after payment of the debts, is subject to the same rule of distribution as would control the distribution of the land.

APPEAL from the Circuit Court for Calvert County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ROBINSON, IRVING, BRYAN, and MCSHERRY, J.

*John P. Briscoe,* for the appellant.

*Joseph S. Wilson,* for the appellees.

STONE, J., delivered the opinion of the Court.

A Mrs. Mary Harrison died many years ago, seized in fee of a tract of land lying in Calvert County, Maryland.

Mrs. Harrison was twice married, first to a man by the name of Holland, and after his death to Harrison. She had two children by her first husband, but none by her second. The two children that she had by her first husband were a son, called Thomas Holland, and a daughter, Sally Holland. Sally Holland married a certain Alexius Wood, and died before her brother, Thomas Holland, leaving Thomas Wood, her only child. Mrs. Harrison by her last will devised the tract of land owned by her to her son, Thomas Holland, in fee. Thomas Holland subsequently died intestate, and without lineal descendants, leaving the said Thomas Wood his only heir-at-law, who duly took possession of the land, and remained in possession up to the time of his death.

Thomas Wood died intestate, and without lineal descendants, or brothers or sisters of the blood of his mother, and the real question in the case is, who are his heirs-at-law of this land? The Court below decided that the inheritance was governed by the 19th and 20th sections of Art. 47, of the Code of 1860, and that as Thomas Wood had no brother or sister of the whole blood, but had brothers of the half blood, the estate should go to the latter.

Our Act to Direct Descents provides that if the estate descended to the intestate on the part of the mother, then the estate shall go to the heirs of the intestate of *the blood of the mother*. If this estate *descended* to Thomas Wood, the intestate, on the part of his *mother*, then it must go to the heirs of Thomas of the *blood of the mother*, and the decree below giving it to his half brothers on the part of the father must be reversed.

The important question, therefore, for us to decide, is whether Thomas Wood did take this estate by *descent* from his mother (there being no question that if he took it by descent at all, he took from his mother,) or whether he took it by purchase or in some other manner

than by such descent. Although more than a hundred years have elapsed since the passage of our Act of 1786 to Direct Descents, the identical question presented by this record has never yet, as far as our researches have extended, been decided by this Court. The learned Judge who decided this case below in quite an exhaustive opinion, has referred to all the cases bearing upon the subject, and has based his opinion upon the case of *Hall vs. Jacobs*, 4 *H. & J.*, 245. That case comes, perhaps, nearer to the question here than any to which we have been referred, but still we think there is one important difference which should be adverted to, and which will control our decision. A brief review of the cases may not be amiss.

In *Stewart's Lessee vs. Evans*, 3 *H. & J.*, 287, the land in controversy *descended* from Col. John Stewart to his two children, Jane and Alexander, and was duly divided between them. Alexander died intestate and without issue, and his sister Jane inherited the land he took by descent from his father. Jane died subsequently intestate, and without issue, and the question presented in that case was who was the heir-at-law of Jane and entitled to the land she took from her brother Alexander. The Court of Appeals decided that it went to the heirs of Jane of the *blood of the father*. No opinion, however, was filed by the Court, and we are left to inference as to the ground of their decision. The argument of the distinguished counsel who tried the case for the successful party was this: that the land descended *immediately* from the sister, and *mediately* from the father. It is probable, therefore, that the Court took a similar view. This case was decided in 1812.

The next case in chronological order was the case of *Hall vs. Jacobs*, 4 *H. & J.*, 245, which was tried in 1817. The facts in that case were these:

Richard Jacobs *devised* his real estate to his three children, Joseph, Rachel and Dorsey Jacobs. Joseph

and Rachel died intestate, and without issue, and their surviving brother, Dorsey, inherited their lands which they took as devisees of their father Richard. Dorsey Jacobs subsequently died intestate, and without issue, and the question before the Court was, who inherited from Dorsey Jacobs the land he inherited from his brother and sister. Judge CHASE in the Court below decided that the land went to the heirs of Dorsey Jacobs on the part of his father, but the Court of Appeals reversed that decision, and decided that the land that Dorsey Jacobs took by inheritance from his brother and sister, who had *taken by purchase,* did not go to the heirs of Dorsey Jacobs on the part of his father and mother, but that as the case had not been provided for by the Act to Direct Descents *then in force,* that the land descended according to the rule of the *common law.* But the omission in the Act of 1786 has been supplied by the Act of 1820, and if the law as announced in *Hall vs. Jacobs* is adhered to in a similar case, the land would go first to the brothers and sisters of the whole blood, &c., as provided in 19th and 20th sections of the Code of 1860.

The third case on this subject is *Stewart's Lessee vs. Jones,* 8 *G. & J.,* 1, which was decided in 1836. This case seems to have been a controversy about the same land and upon the same state of facts that existed in the case of *Stewart's Lessee vs. Evans,* in 3 *H. & J.,* 287, although some of the parties were different. In an elaborate opinion delivered by STEPHENS, the Court affirmed the decision in 3 *H. & J.,* 287, and also *Hall vs. Jacobs,* 4 *H. & J.,* 245.

In this latter opinion the Court decide in most unmistakable terms that where two brothers take lands *by descent* from their father, and one dies, intestate and without issue, his surviving brother takes from him by *immediate* descent, but *mediately* through the father, and

Garner *vs.* Wood. *et al.*

therefore that upon the death of the surviving brother intestate, and without issue, the land goes to the heirs of the surviving brother *of the blood of the father*. But in affirming Hall and Jacobs the Court also in effect decides that where two brothers take from their father by *purchase*, and one dies intestate and without issue, his brother inherits from him; and if the surviving brother dies intestate and without issue, then the lands he so inherited will go first to his brothers and sisters of the *whole blood*, and, in default of such brothers and sisters of the whole blood, then to those of the half blood, &c. This is a brief epitome of the conclusions that our predecessors seem to have reached, and we will now proceed to apply them to the case at bar.

Thomas Holland took this estate *by purchase*. He had an only sister, Sally Wood, and no brother. If Sally Wood had survived Thomas Holland, upon his death intestate and without issue, she would have taken the property as his heir-at-law. Upon *her* death intestate, and without issue, her brothers and sisters of the whole blood would first have inherited, and in default of these, her brothers and sisters of the half blood would have come in. That would have been the identical case of *Hall vs. Jacobs.*

But let us suppose that after Sally Wood had inherited the property from her brother, Thomas Holland, she had died intestate, leaving an only son, Thomas Wood. This son would most certainly have inherited the property from her. If, after the son had so inherited the property *he* had died intestate and without issue, no one doubts but that the heirs of the son, Thomas Wood, *of the blood of the mother* would take the property.

Now, that is this case. It is true that Sally Wood died *before* her brother, Thomas Holland. But her son, Thomas Wood, only got the estate through her. His whole interest came to him on the part of his mother.

It was only through the blood of his mother that he came into the possession of the estate. He inherited *immediately* from his uncle, but mediately from his mother. Upon his death intestate and without issue the estate therefore goes to the heirs of the blood of the mother, from whom he inherited it.

In *Stewart's Lessee vs. Jones,* the Court says: "According to the principles of the Common Law of England, as well as the Act of Descents of this State, descents are either lineal or collateral, and both may be either mediate or immediate. The immediate lineal descent at common law is from the father to his son; the immediate collateral descent is from one brother to another. The mediate, when one derives his inheritable blood to another by the medium of a third person; as in lineal descent, if a son claims as heir to his grandfather it shall be *mediante patre,* though the father be dead at the time of the descent; so in a collateral descent from a nephew to an uncle, or from an uncle to a nephew, it shall be made *mediante patre.*"

So, although his mother died before his uncle, the estate came to Thomas Wood mediately on the part of his mother, and goes back to her blood; and the order deciding that in default of brothers and sisters of Thomas Wood of the whole blood, it should go to his brothers and sisters of the half blood must be reversed.

We have treated the matter in controversy as land, which it really is not, although precisely the same rules govern the distribution of the fund as if it were land.

The real estate which Thomas Wood inherited as aforesaid, was after his death sold under a general creditors' bill to pay his debts. After all his debts were paid there still remained a fund in Court for distribution among his heirs, and it is this fund that is in dispute.

The order of the Court below distributing this fund to the brothers and sisters of Thomas Wood of the half

blood, must be reversed, and the case remanded, and the fund distributed to such of the heirs of Thomas Wood of the *blood of his mother* as may show by proof that they are entitled to the same. The costs to be paid out of the fund.

> *Order reversed, and*
> *case remanded.*

(Decided 11th June, 1889.)