NELS J. NESS *vs.* EDWARD E. DAVIDSON, impleaded, etc.

CHARLES JAGGAR *vs.* SAME.

February 16, 1891.

**Will—Construction of Power of Sale.**—A will devised all the testator's real estate, and gave the executors power to convey "any real estate that may come into their possession and control under this will," the will not otherwise expressly giving them possession or control of any real estate. *Held*, that the power applied to all the real estate.

**Same—Disposition of Proceeds of Sales.**—The will not directing any other disposition of the proceeds of the alienation of the real estate, the devisees are to be regarded as designated as the persons entitled to such proceeds.

**Same—Proceeds to Stand in Lieu of Realty.**—And no other purpose for the power being expressed, it is to be regarded as its purpose that the proceeds of alienation shall be paid to the devisees in lieu of the real estate, and such is a lawful purpose. *Held*, that the power is a valid power in trust.

**Conveyance Held not Made Subject to Liens.**—Certain instruments construed and *held* not to show that the executors conveyed the real estate subject to mechanics' liens upon the interest of one of the devisees.

Actions brought in the district court for Ramsey county, to enforce mechanics' liens. After the decision of a former appeal, (*Ness* v. *Wood*, 42 Minn. 427,) these actions, being dismissed as to all the executors and all the devisees of William F. Davidson, except Edward E. Davidson, were tried before *Otis*, J., who ordered judgment for Ness against Sackett, Wiggins & Co., for $2,817.16, such judgment to be a specific lien on Edward E. Davidson's undivided one-third of the premises described in the complaint, unaffected by any sale, conveyance, or act of the executors. A like judgment for $1,002 was directed in the suit brought by Charles Jaggar. After the actions were brought the executors made the contract with Thomas Lowry and the conveyance to him which are considered in the opinion. In each case the defendant Edward E. Davidson appeals from an order refusing a new trial.

*H. J. Horn* and *Williams & Goodenow*, for appellant.

*T. R. Palmer*, for respondent Ness.

*Lawler & Durment*, for respondent Jaggar.

GILFILLAN, C. J.[1]  William F. Davidson died, leaving a large estate, and leaving a will, which, after directing that his just debts be paid, devised and bequeathed all his estate, real and personal, to his wife and two children, share and share alike; nominated his wife, his son, and three other persons executors, and continued: "I hereby authorize and empower them, or the survivor or successors of them, to sell and convey to any person or persons, and upon such terms as to them may seem advisable, any real estate that may come into their possession and control under this will, and to give proper deeds of conveyance thereof;" and containing a similar power with respect to the personal property.   Under this power the executors conveyed the real estate on which the liens are claimed in these actions.   The liens are claimed upon the interest of one of the devisees, under and by virtue of a contract for a building entered into by him after the death of the devisor.   It is conceded that, if the power be valid, the conveyance passed the title to the real estate free of the liens claimed, unless, by the terms of the transaction between the executors and their grantee, the liens were to remain such on the real estate in the hands of the grantee; that the real estate was to pass to him with the liens upon it.   A serious question might be made whether, others than the executors being entitled to the benefits arising from the alienation of the real estate, they could stipulate to incumber it with any charge not binding upon the estate they were authorized to convey. The appellants, however, do not raise the question, and we will not decide it.   The questions for decision are upon the construction of the will so far as it gives the power, and of the instruments passing between the executors and their grantee so far as they bear on the matter of these liens.

The first objection to the power is, in effect, that it has no subject to operate on; that it authorizes the conveyance of only the real es-

[1] Vanderburgh, J., took no part in this decision.

tate "that may come into their possession and control under this will;" and the will gives the executors no possession and control of the real property, the only right of possession they could have being under the statute. It is strictly true that the will does not, in terms, give the executors any right of possession, nor, unless in the clause giving the power, any control, of real property. But, it being indisputable that the testator intended to vest a power to convey real estate, it would require a very narrow construction to defeat such intention because no real estate could come within the literal terms used. It is apparent that the testator supposed (erroneously, of course) that, under his will, all the real estate mentioned in it came into the possession and control of the executors. It applies therefore to all of the testator's real estate.

It is also objected that the power is too indefinite and uncertain to be valid. *First,* no purpose for which it is to be exercised is stated. *Second,* the will does not designate the persons who are to take the proceeds of the exercise of the power.

We will consider the second objection first, as the solution of it will indicate to some extent the answer to the first objection. The power is not what is classed in the statute (Gen. St. 1878, *c.* 44, § 7) as a beneficial power, for to hold it such would be inconsistent with and defeat the clause devising the real estate. As a power in trust to be exercised for the benefit of the devisees, the two clauses may consistently stand together, and both have full force and effect. "A general power is in trust when any person or class of persons, other than the grantee of such power, is designated as entitled to the proceeds, or any portion of the proceeds or other benefits, to arise from the alienation of the lands according to the power." Id. § 22. It is not necessary that the clause creating the power shall designate the person or class of persons entitled to the proceeds. The entire instrument, deed, or will, of which that clause is a part, may be referred to in order to ascertain who, according to the intention of the creator of the power, is the person or class of persons entitled to the proceeds. If that can thus be clearly ascertained, the person or class is designated within the requirements of the section. As this will

does not direct that the proceeds shall be paid to or used for the benefit of any one but the devisees, those whose land is subject to the power, it is as clear as though it had been expressly reiterated in the clause creating the power that the testator intended they should have the benefits derived from its execution.    In that case the benefit of the devise would come to them in substituted form, they receiving the proceeds of the alienation in lieu of the land itself.    The question is one of intention, and not of the mode of expressing it.    It is unnecessary to consider whether the power is imperative, so that the beneficiaries might enforce its execution or its execution depended on the will of the grantees.    In either case the beneficiaries are the same. If the power were imperative, then its purpose would clearly be to turn the land into money, and pay the money over to the beneficiaries.    That would certainly be a lawful purpose.    The testator might put his benefaction in that form if he chose.    If the execution of the power depended on the will of the grantees, the purpose would as clearly be to turn the land into money, and pay it to the beneficiaries, if, in the judgment of the grantees, it was expedient to do so. We can see no reason why a testator may not confer his benefaction in that form if he choose.    Such a purpose would be lawful.    Where the power is for a purpose that the grantor might himself have lawfully performed, and the persons or class of persons entitled to the benefit of its execution are designated, it is a valid power in trust. The reasons that induced the testator to have the purpose for which he created the power are not very material.    The condition of the estate may have furnished him with reasons for it sufficient to satisfy him.    A power may be nugatory and inoperative, as where it directs to be done only what the law itself does.    In this case, if, after devising the real estate in equal shares to the three devisees, a power had been given to convey an undivided third to each devisee, it would have been a useless and inoperative power.    But, in this case, the law will not perform what the grantees of the power are authorized to perform.    The case of *Kinnier* v. *Rogers*, 42 N. Y. 531, upon a statute like ours, from which ours was taken, is directly in point.

It is not disputed that neither of the devisees—of the parties entitled to the proceeds of the execution of the power—could incumber

the real estate so that the grantees in the power would have to convey subject to such incumbrance. To permit that would enable any one to obstruct, perhaps defeat, the execution of the power.

The grantees in the power conveyed to Mr. Lowry, the present owner of the land on which the liens are claimed. The devisees also executed a quitclaim deed of the land to him. Those liens are claimed on the interest of one of the devisees, by virtue of his contract for a building, made since the death of the testator. The instruments in the transaction between the executors and Lowry, in which reference is made to the liens, are in the nature of contracts to convey, three in number. In one the liens are referred to as "a number of pretended mechanics' liens or liens for material and labor, affecting a part of the said premises, which have not yet been discharged or determined except by decisions of the district court," and it stipulates that the executors "will cause the said premises to be freed and cleared of the said liens." To secure the performance of this agreement, it was agreed that one of the notes to be given for part of the purchase-money should be deposited with Peter Berkey. In another, in which there is a stipulation that, if the title to the property is found not to be good and not marketable, and the purchaser shall refuse the same for such reason, there is the clause, "the effort to enforce the mechanics' liens on part of this property shall not be taken as a cloud upon the title, but, if the purchase is made, the estate shall indemnify the purchasers against those claims and all pending claims until they are discharged by legal process or decree of court." In another is the clause, "the mechanic's lien claims, which are sought to be enforced on part of this property, shall not be deemed a defect in title, but the estate shall indemnify the purchaser against any loss or damage thereby, to his satisfaction." These are all the references to the liens. The conveyances to Lowry do not refer to them.

We do not find anything in these references to show any admission by the executors that the lien claims were incumbrances on the title which they assumed to sell, or any understanding between them and the purchaser that he was to take title with the liens incumbrances upon it. The executors, as grantees of the power, were not bound by the liens. They would have to assume them as a burden

on the estate; would have to convey subject to them; otherwise, the title passed by them would be free from them. The parties to the sale evidently contemplated the possibility that the courts might declare the liens good as against the estate which the executors were about to convey. The purchaser did not choose to take the risk of that; hence the stipulations for security until they "are discharged by legal process or decree of court," and the agreement of the executors that they "will cause the said premises to be freed and cleared of the said liens." The security thus stipulated for is no concern of these plaintiffs. They cannot, by reason of it, enforce their liens against the purchaser's land and compel him to resort to the security. The decision of the court below, that the title passed to the purchaser subject to the liens, was erroneous.

Order reversed.

---

[1] Vanderburgh, J., took no part in this decision.