JOHN KELLY v. CLAY H. SLACK and Others.[1]

December 16, 1904.

Nos. 14,207—(127).

**Will—Right of Widower.**

An unmarried woman executed a will by which she devised legacies to her relatives, and a certain legacy to appellant, who thereafter became her husband. Having died without issue, and there being no lawful issue of any deceased child, appellant, upon renouncing the will and electing to take under the statute, was entitled to an equal, undivided one-third of all lands other than the homestead of which she died seised.

**Jurisdiction of Probate Court.**

It appearing that the undivided one-third interest of the surviving husband and the other undivided two-thirds interest of the real estate could not be equitably divided, the probate court had jurisdiction, incidental to the administration and distribution of the estate, to cause the entire estate to be sold to pay specific legacies, if for the best interests of the estate and all parties concerned.

[1] Reported in 101 N. W. 797.

Evidence.

> The evidence was sufficient to justify the court in finding that the estate in question could not be equitably divided, and that it was not for the advantage of all parties concerned to sell the undivided two-thirds interest to pay the legacies.

In the matter of the estate of Christine Kelly, deceased, defendant C. H. Slack, as administrator with the will annexed, petitioned the probate court for Hennepin county for license to sell all the real estate of the deceased, valued at $7,850, except the homestead, to pay debts amounting to $93.38, expenses of administration and legacies. Plaintiff, the husband of deceased, objected on the grounds that no sale was necessary for the payment of debts and expenses of administration, and that the sale of any part of the real estate for the payment of legacies was unauthorized, since there being no children and he having elected not to take under the will, the legacies were void and the entire estate had passed to him. From an order directing the sale, plaintiff appealed to the district court for that county. The case was tried before Willard R. Cray, J., who directed judgment affirming the order of the probate court. From a judgment entered pursuant to the order, plaintiff appealed to the supreme court. Affirmed.

*Benj. W. Smith,* for appellant.

It being clear that the statutory dower of the appellant in the lands of the deceased is in no way affected by the will which he has renounced, we think it equally clear that, the deceased having left no child nor the lawful issue of any deceased child surviving her, the surviving husband is entitled to the whole of her lands. The statute presents two conditions, one where children survive the deceased, and the other where no children survive. G. S. 1894, §§ 4470, 4471; Tracy v. Tracy, 79 Minn. 267. It will be observed that subdivision 2 of section 4471 disposes, not of the residue, nor of the other two-thirds of these other lands, but of the whole thereof, of the one-third mentioned in the first sentence of the section as well as of the residue. If a wife by her will can deprive her husband of two-thirds of her estate without his consent, she can do by will what she cannot do by any other conveyance, as all conveyances made by a wife without the consent of her husband are void. G. S. 1894, § 5532.

The appellant's interest in these lands, whether the whole or one-third, passed to and became vested in him upon and by the decease of his wife, subject only to the payment of such debts of the deceased as cannot be paid from the personal estate. Jenkins v. Jenkins, 92 Minn. 310; Noon v. Finnegan, 29 Minn. 418; Sloggy v. Dilworth, 38 Minn. 179; Vail v. Anderson, 61 Minn. 552. The power of the probate court to order a sale is entirely statutory and is conferred by G. S. 1894, § 4527. In this case there is no widow or children and, the appellant's interest not being subject to the legacies, the power to sell his interest in these lands is exhausted when sufficient has been sold to pay the debt.

The procedure for selling lands is found in sections 4575—4580, G. S. 1894, as amended by Laws 1901, p. 91, c. 89. Under these sections, as amended, the court below has held that the whole of the lands of the deceased and all interests therein, whether a sale of the same be necessary or not, may be sold, if the probate court shall consider such sale for the best interests of the estate and of all persons interested therein. But it will be observed in making these amendments the legislature did not extend the power to sell by amending section 4527, providing when lands may be sold, but only amended section 4575, et seq., showing how lands may be sold. And it must be clear that the amendment of the statutes, providing only how lands may be sold does not extend the power to sell; so that, in this case, where the sale of the least valuable lot will be sufficient to pay the debt, and where appellant's interest is not subject to the legacies, it is equally clear that the court is not authorized to sell appellant's interest in the whole of these lands. If the amendment of the procedure for sale shall be held to extend the power of sale appellant contends that such statute, so far as it authorizes without his consent the sale of his lands, or of his interest in these lands, beyond what is necessary to pay the debt, is a violation of his personal and property rights and of Const. (Minn.) art. 1, §§ 2, 7, and of like provisions of the constitution of the United States, and is void.

The effect of this statute, if valid, is to divest the appellant of his interest in these lands and transfer the same to another, through the agency of the probate court, without his consent, at his expense and while he is free from any disability that would prevent him from so doing if he desired. Where this question has been before the courts they have uniformly held that the legislature has power to authorize the

sale of the lands of minors, lunatics and other persons under legal disabilities, whether through the courts or otherwise; but that it is beyond the power of the legislature to authorize the sale of the lands of an adult who is under no disability and who does not consent thereto. Cooley, Const. Lim. (7th Ed.) 148, note 1; Powers v. Bergen, 6 N. Y. 358; Brevoort v. Grace, 53 N. Y. 245; Ervine's Appeal, 16 Pa. St. 256; Kneass' Appeal, 31 Pa. St. 87; Hegarty's Appeal, 75 Pa. St. 503.

*C. H. Slack, Smith & Smith,* and *Harold Harris,* for respondents.

A testatrix has it in her power absolutely to dispose of all her real property by will except the homestead and the one-third part of all other real property, regardless of anything the surviving husband may do in regard thereto. In re Gotzian's Estate, 34 Minn. 159; Tracy v. Tracy, 79 Minn. 271.

The only question raised by appellant in the second subdivision of his brief is the constitutionality of the amendment of the probate code contained in Laws 1901, p. 91, c. 89. Statutes very similar to that contained in this amendment have been enacted in Alabama, Connecticut, Florida, Missouri and Texas. Alabama: Code 1886, § 2105; Code 1896, § 157; Eatman v. Eatman, 83 Ala. 478; Jones v. Woodstock, 95 Ala. 551. Texas: Sayles' St. art. 2133; Gillenwaters v. Scott, 62 Tex. 670. Florida: Wilson v. Matheson, 17 Fla. 630. Connecticut: General Statutes, § 600; Buel's Appeal, 60 Conn. 63. While it is true that under our statutes the property of the intestate vests in the heir immediately upon the death of the ancestor, it is also true that under the same statutes it vests subject to the conditions imposed by these statutes providing as they do for the qualified possession and control of the property by the administrator, under the direction of the court, for its care and its appropriation to the payment of debts, expenses of administration and other liabilities enumerated by the statute, including those contained in Laws 1901, p. 91, c. 89. Miller v. Hoberg, 22 Minn. 249; Jenkins v. Jenkins, 92 Minn. 310.

LEWIS, J.

In 1890 Christine Erickson, unmarried, executed her last will and testament, by which she devised to her mother, brother, sister, and two nieces each the sum of $500, and to John Kelly, of Minneapolis, plain-

tiff herein, $3,000; naming another niece her residuary legatee. She married plaintiff in 1890, and died in Hennepin county in 1900. The will having been admitted to probate, plaintiff duly renounced the legacy under the will, and elected to take under the statute, as the surviving husband. Only one claim against the estate was filed, and that in the sum of $93.38, whereupon the administrator petitioned the probate court for a license to sell all of the real estate of which the deceased had died seised, for the purpose of paying the debt proved, the legacies mentioned, and the expenses of administration. To the granting of this petition plaintiff objected. The probate court having directed a sale of the entire estate for not less than its appraised value, plaintiff appealed to the district court, and judgment was entered therein affirming the order of the probate court.

The grounds upon which the order appealed from is attacked are (1) that, under the statute, plaintiff having renounced the will, and the deceased having left no children, nor the issue of any deceased children, the whole estate descended to him, as the surviving husband, to the same extent as if the wife had died intestate; (2) that if plaintiff's interest as the surviving husband upon renouncing the will was an undivided one-third of the estate, then the title to that part became vested in him upon the decease of his wife, subject only to the payment of debts and the expenses of administering the estate, and in no event could his interest be sold to pay the legacies, and in any event an equitable partition was possible without a sale, and the sale ordered was unauthorized and void.

1. An answer to the first proposition requires the construction of sections 62, 63, and 64 of the probate code (sections 4469, 4470, 4471, G. S., 1894). Under the first part of section 4471, the surviving husband is entitled to an undivided one-third of other lands than the homestead of which the deceased was possessed at any time during coverture, free from any testamentary or other disposition thereof to which he had not assented in writing, etc.; and, under subdivision 2, if there be no children and no lawful issue of any deceased child, such surviving husband then takes the whole estate. If in this case there had been no will, plaintiff would have received the entire estate, there being no children; but there was a will which devised the entire estate, and accordingly plaintiff was put upon his election as to whether he would take under the

will, as a legatee, or take the undivided one-third. These provisions are plain and explicit. There is no foundation for the argument that, in renouncing the will plaintiff became possessed of the entire estate. He is expressly limited to the provision made in the statute, and his interest is that of an undivided one-third, subject in its proportion to the debts of the estate and the burden of administration.

2. Section 4527 provides that, when there is not sufficient personal estate to pay all the debts and legacies, the probate court may order the sale of the real estate, or so much thereof as may be necessary to pay the same. The probate and district courts construed the statute to confer authority to order a sale of the entire estate upon the ground that an equitable division of the same could not be made. Sections 4575–4580, G. S. 1894, were amplified and amended by chapter 89, p. 91, Laws 1901. Section 4578, before the amendment, authorized the court to license a sale of the whole estate, or such part thereof as might be deemed necessary and most for the interests of all concerned. The following clause was added by the amendment:

> Or if it appears to the court, without regard to the necessity for such sale, that it. would be for the best interests of the estate of the decedent, and of all persons interested therein, that the real estate described in the petition, or any part thereof * * * be sold, the probate court may license a sale of the same.

Section 4580, which authorizes an order of sale after a hearing, was extended and amended in a similar manner.

The real estate involved consisted of three separate parcels, viz., a lot and brick building of the scheduled value of $4,500, mortgaged for $1,500; 28 feet of lot 1 and north 10 feet of lot 2, block 4, Willis' Addition, with a two-story dwelling house, scheduled at $3,000, mortgaged for $800; the west 44 feet of the east 110 feet of lot 1, block 1, Westfall's Addition, value $350, vacant and no incumbrances. According to the evidence, the entire rentals amounted to $670 per annum, and interest and taxes to about $340 per annum. The only evidence introduced upon the question of the advisability of selling the property as a whole was on behalf of defendants, and one expert witness testified that the property could not be divided to the interest of the parties, and an undivided interest in real estate in Minneapolis would not command a

ready market, and would result in a sacrifice of the property; that it would not bring as much sold undivided as if sold as a whole; and that it would be for plaintiff's interest to sell the entire property.

It is apparent that it was unnecessary to sell the entire estate in order to raise sufficient money to meet the indebtedness and expenses of administration. The unincumbered and vacant lot would doubtless have been sufficient for that purpose, and the judgment appealed from cannot stand unless it is sustained upon the right to sell the whole estate because it could not be equitably divided between the holders of undivided interests. Section 4653, et seq., provides for the partition of real and personal property among the heirs, devisees, or legatees, but no provision is made for a sale thereof in case an equitable division cannot be had. No doubt, authority might have been conferred by the legislature upon the probate court to cause a sale where an equitable division was not attainable. Such powers are certainly incidental to the administration of estates, and the statute above referred to, as amended by the act of 1901, may be sustained upon the theory that a sale is a proper remedy, incidental to administration in those cases where equitable division cannot be had, and a sale is necessary to provide funds with which to pay specific legacies. The use of the term, "for the best interests of the estate and of all persons interested therein," does not necessarily imply that it must be for the best interests of each and every party to the same degree. Our view of this statute is that it has reference to all interested parties, taken as a whole, and that, considering the interests of all, the court shall make that order with reference to the disposition of the estate which will accomplish the least injury and best serve the interest of all. To this extent each person who becomes a beneficiary under a will or under the law is subject to such necessary changes in the character of his interest as are required by the administration of the estate.

The plaintiff in fact suffers no hardship. If the statute were not applicable to enforce a sale of his one-third interest, the purchaser of the other two-thirds interest at a sale to provide for the legacies could enforce a sale in partition proceedings in the district court under section 5770, G. S. 1894, et seq., and the purpose of the probate statute as amended seems to have been to confer the same powers upon that court. True, these are extensive powers to be conferred upon a probate

court, and may be subject to abuse; but the interests of legatees under the will are just as much entitled to protection by a fair and equitable distribution of the estate as is the interest acquired by an heir, and the usual means provided for a review of such proceedings afford a sufficient safeguard against an abuse of the powers conferred by the statute. The evidence is sufficient to sustain the order of sale, considering the nature of the property, the incumbrances, and difficulties attending partition.

Judgment affirmed.

START, C. J. (dissenting in part).

I concur in the conclusion of a majority of the court that the appellant, upon renouncing the will and electing to take under the statute, became the owner of an undivided one-third, and no more, of all lands, other than the homestead, of which the deceased died seised. But I dissent from the conclusion that the probate court had jurisdiction to order a sale of the whole of the interest of the appellant in such lands.

The appellant became the owner in fee of his undivided interest in the lands, subject only, in its just proportion with the other real estate, to the payment of the debts of the deceased which are not paid from the personal estate. His interest cannot be sold to pay legacies. Such debts amount to only $93.38, and there are three separate parcels of land, viz., a brick block, and the land on which it stands, of the value of $4,-500, mortgaged for $1,500; a two-story dwelling house, and the lots on which it is located, of the value of $3,000, mortgaged for $800; an unincumbered vacant lot, of the value of $350. There is nothing in the record to justify the conclusion that the lot would not sell for enough to pay the debts and the expenses of administration. If, then, the lot were sold for enough to pay the debts, the administrator would have no claim on the appellant's interest in the other two parcels of land. This case, then, in its last analysis, is governed by the same rule as would be a case where A. and B. are tenants in common of two separate parcels of land, each owning an undivided one-half, actual partition of which cannot be equitably made. B. dies, and it is necessary to sell his interest in the land to pay legacies, and it will bring a better price if A.'s interest is sold with it. Would the probate court in such a case have jurisdiction to order, in legal effect, a partition of the real estate

by a sale of the whole thereof, including A.'s interest therein? It would seem to me not, for the probate court has and can have no general jurisdiction in regard to partition of real estate. And, further, that the mere fact that an undivided interest in land which the probate court has jurisdiction to order sold will sell for a better price if the interest of a stranger is sold with it, cannot give the court jurisdiction to order the whole interest sold, and the proceeds thereof divided pro rata.

It is not clear that Laws 1901, p. 91, c. 89, relied on by the defendants, purports to authorize the order made in this case; but, if it does, I am of the opinion that it is unconstitutional, in so far as it attempts to confer jurisdiction on the probate court to order the sale of the interest of a stranger. Hurley v. Hamilton, 37 Minn. 160, 33 N. W. 912.