# CHARLES C. KOLARS v. WILLIAM W. BROWN and Others.[1]

May 14, 1909.

Nos. 16,153—(90).

**Procceds of Executor's Sale.**

> When land is sold in proceedings in the probate court for the payment of debts and expenses of administration, the surplus proceeds, if any, go to the heir who would have taken the land.

**Same — Sale to Pay Debts.**

> When real estate is sold under the direction of the probate court for the purpose of paying debts and expenses, the conversion of the real estate into money is complete only to the extent and for the purposes for which the sale was authorized. So far as these purposes do not extend, the property retains its former character in respect of the rights of the owner. Therefore any surplus must be applied to the payment of a judgment obtained against the heir, and duly docketed after the death of the ancestor and before the sale.

Action in the district court for Le Sueur county. Plaintiff garnished George J. Dressel, as administrator of the estate of Minerva Brown, deceased, on December 17, 1907. On February 25, 1908, plaintiff recovered judgment against defendant for $201. B. C. Hughes, judgment creditor of defendant since December 7, 1903, filed his complaint in intervention as claimant of the fund in the administrator's possession. Plaintiff's motion for judgment against the garnishee for $138.90, based upon the garnishee's disclosure, was denied, Morrison, J., and judgment ordered in favor of the intervener. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Charles C. Kolars, pro se.*

*M. R. Everett,* for respondent.

ELLIOTT, J.

On September 22, 1901, Minerva Brown died intestate, leaving certain real estate in the county of Le Sueur, Minnesota. An administrator was not appointed until April 10, 1906. On December 7, 1903, B. C. Hughes recovered a judgment in the district court

[1]Reported in 121 N. W. 229.

of Le Sueur county against William W. Brown, who was the son and one of the heirs of Minerva Brown. It became necessary to sell the real estate for the purpose of paying the debts of the decedent and the expenses of administration. After these claims were paid, there remained of the proceeds of the sale the sum of $1,527.95, of which $138.90 was assigned as the share of William W. Brown. C. C. Kolars, who had a claim against William W. Brown, brought suit against him, and on December 19, 1907, served garnishment papers upon the administrator for the purpose of reaching Brown's share of the estate. The trial court held that the judgment creditor was entitled to the money.

Upon the death of Minerva Brown the title to the real estate vested in the heirs, subject to the condition that it might be sold, if necessary, to pay the debts of the deceased and expenses of administration. State v. Probate Court of Ramsey County, 25 Minn. 22; Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197; Hill v. Townley, 45 Minn. 167, 47 N. W. 653; Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235. The lien of the judgment attached to the judgment debtor's interest in the real estate, subject to the same conditions.

A sale of real property under proceedings in the probate court changes the character of the property only so far as is necessary to effect the purpose for which the sale was made, and any surplus made after the purpose of the sale has been effected should be treated as real estate. As said by Judge Woerner: "The conversion is complete and effectual only to the extent and for the purposes for which the sale was authorized, whether by the will, or by the order of the court. So far as these purposes do not extend, and in so far as any of them do not take effect in fact or in law, the property retains its former character in respect of the rights of its owner, and passes accordingly. The surplus of the proceeds of a sale ordered for the payment of debts remaining after the debts and expenses of administration have been discharged retains the character of real estate for the purpose of determining who is entitled to receive it, and goes to the persons to whom the real estate would have gone but for the conversion." 2 Woerner, American Law of Administration, § 481. As sustaining this rule, see Hovey v. Dary, 154 Mass. 7, 27 N. E. 659; Allen v. Trustees, 102 Mass. 262; Griswold v. Frink, 22 Oh.

St. 79; Garner v. Wood, 71 Md. 37, 17 Atl. 1031; Cronise v. Hardt, 47 Md. 433; Williamson v. Mason, 23 Ala. 488, 499; Read v. Bostick, 6 Humph. (Tenn.) 321; Sears v. Mack, 2 Bradf. Sur. (N. Y.) 394; Pennell's Appeal, 20 Pa. St. 515; Ackerman v. Gorton, 67 N. Y. 63; Denton v. Tyson, 118 N. C. 542, 24 S. E. 116; Ball v. Green, 90 Ind. 75; Coombs v. Jordan, 3 Bland (Md.) 284, 22 Am. Dec. 236; Erb v. Erb, 9 Watts & S. (Pa.) 147. It has been held that, although the fund goes to the person who would have taken it as real estate, he takes it as money, and not as real estate, which means no more than that, after the death of the heir, the money thus received goes to his personal representative as personal property.

The rule to which we have referred is supported by Ness v. Davidson, 49 Minn. 469, 52 N. W. 46, although the facts of that case are not exactly the same as those we are now considering. It follows that, as the real estate would have gone to Brown and been subject to the lien of the judgment against him, the proceeds of the sale of the land must follow the same course. The judgment creditor's rights had attached even before the appellant's action was commenced, and neither justice nor reason requires that the change of form resulting from the necessities of administration should be allowed to prejudice his rights. This fund was the proceeds of the sale of the real estate upon which Hughes had a lien, and should go to those who were beneficially interested in the real estate. See Culbertson v. Cox, 29 Minn. 309, 13 N. W. 177, 43 Am. 204.

Judgment affirmed.