## KENNEDY v. MANGAN.

(Court of Appeals of District of Columbia. Submitted February 10, 1922. Decided March 6, 1922.)

No. 3657.

1. **Executors and administrators ⟵127—Surviving executor can execute power of sale as trustee.**

Where a trust was charged on the executors as such, it did not, under Code of Law, § 326, become extinct by death of one of them, and the survivor could make a sale, if both executors were originally authorized to sell.

2. **Wills ⟵486—Testatrix presumed to know restrictions on holding real estate by aliens.**

A testatrix, who gave her property to her brother, if he should be heard from within seven years, or, if not, then to aliens, is presumed to have appreciated the limitation on the holding or enjoyment of real

---

⟵For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
278 F.—64

estate by aliens, under Act March 2, 1897 (Comp. St. §§ 3490–3496), Act Feb. 23, 1905 (Comp. St. § 3497), and the treaties between the United States and Great Britain of March 2, 1899, and January 13, 1902.

3. **Wills ☞441—Death of legatee, unknown to testatrix, immaterial in construing the will.**

The fact that a bequest had lapsed, because the legatee had predeceased the testatrix, is immaterial in construing the will, where that fact was unknown to testatrix.

4. **Wills ☞680, 686(1)—Nature and duration of testamentary trust governed by requirements, in absence of express provision.**

The nature and duration of a trust are governed by its requirements, in the absence of express provisions.

5. **Wills ☞687(1)—Provisions held to manifest intention alien beneficiary should receive proceeds of sale of realty.**

A will giving land to executors in trust, with power to sell realty and invest the proceeds, and providing that if the testatrix's brother, to whom the property was first devised, was not heard from in seven years, the property should go to two aliens, manifests an intention that the alien beneficiaries should receive the proceeds of the alienation of the real estate, instead of the estate itself.

6. **Trusts ☞191(3)—Power of trustees to sell held not limited to seven years.**

Where the will devised real property to the executors, in trust for the brother of the testatrix, if he should be heard from within seven years, and, if not, provided it should go to two aliens, and authorized the trustees to sell the property whenever they deemed it expedient to do so, they had power to sell after the expiration of the seven years, especially where the delay in selling was for the benefit of the legatees, in which case equity would limit the power to sell only if required by the express terms of the will.

Appeal from the Supreme Court of the District of Columbia.

Suit by John Kennedy, surviving executor of the estate of Margaret King, deceased, against Michael F. Mangan, for specific performance of a contract for the purchase of real estate. Decree for defendant, and plaintiff appeals. Reversed and remanded.

Charles S. Shreve and M. N. Richardson, both of Washington, D. C., for appellant.

T. P. Regan, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, at the close of the evidence for the plaintiff, appellant here, dismissing his bill for specific performance of a contract for the sale to the appellee of part of lot 9, square 345, known as premises No. 735 Eleventh Street, Northwest, this city, by the plaintiff as surviving executor under the will of Margaret King (dated February 12, 1912, codicil dated February 14, 1912), who died in this District on February 18, 1912.

After making several bequests, and directing the expenditure of $2,000 for the erection of a suitable burial lot memorial, the will provides:

"Tenth. I give to my executors, hereinafter named, the full power to sell, mortgage or otherwise dispose of any or all of my estate (personal, real or mixed), whenever they may deem it expedient so to do, and out of the proceeds to pay all of my just debts and the above legacies, and to reinvest the balance of the proceeds as they may think best. The purchaser or the party

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

loaning the money need not see to the application of the purchase money or the money loaned.

"Eleventh. All the interest and residue of my estate, both real, personal and mixed, I give, devise and bequeath to my brother, Patrick King, if living, but in the event my brother Patrick is not heard from, or his whereabouts can not be located, for a period of seven (7) years, then in that event the said rest and residue of my estate shall go to Margaret and Ellen Kelly, daughters of John and Catherine Kelly, of Churchtown, county of Waterfoot, Ireland, as tenants in common, their heirs and assigns.

"And lastly, I do hereby nominate, constitute and appoint my friends, John Kennedy and John Quinn, executors of this, my last will and testament, and I desire that my executors hereinbefore named, shall not be required to give bond for the faithful performance of the duties of that office."

The personalty having proved insufficient to pay the legacies, the executors, having been unable to make advantageous sale of the real estate, obtained leave of court in June of 1913 to borrow the sum of $3,500 by deed of trust on this real estate. Thereafter, in March of 1916, appellant, as surviving executor, was authorized by the court to borrow an additional $1,000 on this real estate to complete payment of the memorial authorized by the will. Shortly before these trusts became due, appellant sold this real estate at public auction to the appellee for $10,500, and this sale was ratified by the court below. However, a title company refusing to certify as to the validity of the title, appellee declined to comply with the terms of the sale, and this suit resulted.

The evidence showed that Patrick King had left the District of Columbia several years prior to the death of the testatrix, and appellant had been unable to locate him after diligent effort; that Ellen Kelly predeceased testatrix by 16 years and that Margaret Kelly is a citizen of Great Britain, residing in Ireland.

There being no brief for appellee, we are remitted to his answer for his theory of the case, which in substance is that it was the intention of testatrix to terminate her estate and distribute the assets seven years after her death.

[1] Since a trust was charged upon the executors, as such, it did not become extinct by the death of one of them. Code, § 326; Peter v. Beverly, 10 Pet. 532, 9 L. Ed. 522; Wilson v. Snow, 228 U. S. 217, 33 Sup. Ct. 487, 57 L. Ed. 807, 50 L. R. A. (N. S.) 604. If, therefore, the executors would have been authorized to make this sale, the survivor could make it.

[2, 3] We come now to inquire as to the intent of the testatrix, as expressed in her will. She knew it was uncertain whether her brother ever could be located, and as to the other two residuary legatees she is presumed to have appreciated the limitations surrounding the holding or enjoyment of real estate by aliens. Greenwood v. Greenwood, 178 Ill. 387, 53 N. E. 101; Act March 2, 1897, 29 Stat. 618 (Comp. St. §§ 3490–3496); Act Feb. 23, 1905, 33 Stat. 733 (Comp. St. § 3497); Treaty Series No. 146, between the United States and Great Britain, March 2, 1899 (31 Stat. 1939), and January 13, 1902 (32 Stat. 1914). That the bequest to Ellen Kelly lapsed because she predeceased the testatrix (Hamlet v. Johnson, 26 Ala. 557; Dorsey v. Dodson, 203 Ill.

32, 67 N. E. 395), is immaterial in this connection, since testatrix was unaware of the fact.

[4, 5] The nature and duration of a trust are governed by its requirements, in the absence of express provisions. Young v. Bradley, 101 U. S. 782, 25 L. Ed. 1044; Johns Hopkins Univ. v. Middleton, Ex'r, 76 Md. 186, 24 L. Ed. 454; 31 Cyc. 1051. There are no such express provisions in this will. Reading it as a whole, and having in mind the circumstances surrounding the testatrix, it is apparent to us that she had in mind that the benefits of the residuary bequests would go to the beneficiaries in substituted form; in other words, that they would receive the proceeds of the alienation in lieu of the real estate itself. Ness v. Davidson, 45 Minn. 424, 48 N. W. 10. The will expressly authorizes the executors, "whenever they may deem it expedient so to do," to sell, mortgage, or otherwise dispose of any or all of the estate, personal, real, or mixed, "and out of the proceeds" to pay the debts and legacies and reinvest the balance as they may deem best.

[6] The provision that this trust should continue at least seven years, unless the brother, Patrick, was sooner heard from, obviously was inserted because of the legal presumption of death after that period of absence, and was not intended as a limitation upon the trust at all. In other words, the language employed and the circumstances surrounding the testatrix at the time indicate an intent that time should not be of the essence of the power. Marsh v. Love, 41 N. J. Eq. 112, 6 Atl. 889; Hale v. Hale, 137 Mass. 168. The situation confronting the surviving trustee when he made this sale, and which well may have been foreseen by the testatrix, furnishes additional grounds for believing that she did not intend that the power to sell was to cease at the expiration of seven years. In the interests of the legatees the actual sale of the property had been deferred, but at that time such a sale was imperative because of the maturity of the trusts. In circumstances like these a court of equity would limit the power of the executor only when required so to do by the express terms of the will. Not only are such terms lacking here; but, as we have indicated, the language used discloses a contrary intent.

It results that the decree must be reversed, with costs, and the cause remanded for further proceedings.

Reversed and remanded.