ERNEST H. KIETZER v. WILLIAM NELSON AND ANOTHER.[1]

January 4, 1924.

No. 23,815.

**Administrator's sale of real estate diverts owner's lien of title.**

1. At the death of the owner intestate, title to real estate passes to his heirs, but will be divested by a sale in the administration proceedings.

[1]Reported in 196 N. W. 641.

**Title obtained by purchaser at such sale.**

    2.   The purchaser at such a sale takes the title of which the decedent died seized free from any claim of the heirs or of any one claiming under them.

**When sale cannot be attacked collaterally.**

    3.   Where the probate court had jurisdiction and the proceedings were regular, the sale cannot be attacked collaterally.

**Proceeds of sale treated as real estate.**

    4.   The proceeds of the sale which go to the heirs will be treated as real estate for the purpose of determining the rights of the heirs and of those claiming under them.

**Lien of heir's mortgage attached to proceeds of sale.**

    5.   Where an heir gives a mortgage upon his interest in the real estate and such interest is divested by a probate sale, the lien of the mortgage is transferred from the lands to his interest in the proceeds thereof.

**Purchaser cannot enjoin foreclosure of heir's mortgage.**

    6.   The foreclosure of such a mortgage will not affect the rights of purchasers at the probate sale and will not be enjoined at their instance.

**Decision as to lien of mortgage error.**

    7.   Adjudging that the mortgage was a lien on the land as against such purchaser was error.

Action in the district court for Blue Earth county to restrain defendants from foreclosing a certain mortgage. The case was tried before Comstock, J., who made findings and ordered judgment as stated in the second paragraph of the opinion. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Reversed in part.

*C. O. Dailey,* for appellants.

*Regar & Grogan,* for respondents.

*C. J. Laurisch,* as amicus curiae, filed a brief.

TAYLOR, C.

Gotlieb Kietzer, a resident of Blue Earth county, died intestate May 3, 1916, seized of a considerable quantity of real estate, and leaving surviving him his widow, Ida Kietzer, and 12 children, all of age. The probate court appointed William C. Kietzer, a son, administrator of the estate, and on July 25, 1917, issued a license authorizing him to sell the real estate, other than the homestead, at private sale. In January, 1919, the administrator reported to the court that under and pursuant to such license he had sold one parcel of the land to Fred F. Ikier on August 28, 1918, and another parcel to William Ikier on October 2, 1918. The court confirmed these sales on January 31, 1919, and directed the administrator to execute proper deeds to the purchasers on compliance by them with the terms of sale. The administrator executed the deed to William Ikier December 19, 1919, and the deed to Fred F. Ikier April 20, 1920. In February, 1919, the administrator reported to the court that under and pursuant to the license he had sold a parcel of the land to Erich N. Kietzer on July 30, 1918. The court confirmed this sale on February 11, 1919, and directed the administrator to execute a deed to the purchaser on compliance by him with the terms of sale. This deed was executed May 6, 1920. Thereafter Erich conveyed an interest in this parcel to his brother Herbert Kietzer. These three parcels, aggregating 250 acres, are the lands involved in this action.

On June 26, 1918, Ernest H. Kietzer, a son of the decedent, executed a mortgage to defendant William J. Nelson upon an undivided one-twelfth of this land. In November, 1918, the administrator brought an action to quiet title to two of the above mentioned parcels, in which he named as defendants the widow and all the children of the decedent, also William J. Nelson, the mortgagee in the mortgage given by Ernest Kietzer, also all unknown parties having or claiming any interest in the land. Nelson was the only defendant who appeared or answered. On March 24, 1920, the court filed its findings of fact and conclusions of law and on December 20, 1920, judgment was entered thereon to the effect that the widow was the owner of an undivided one-third of the land; that each of

the children was the owner of an undivided one-eighteenth thereof; that the undivided one-eighteenth of Ernest Kietzer was subject to the mortgage of defendant Nelson; that the interests of each and all were subject to such charges and obligations as the probate court should determine in the administration of the estate of the decedent; that the administrator should have possession of the lands for the purpose of administration, and that none of the other defendants had any interest in or claim to the land. In April, 1921, defendant Nelson started to foreclose his mortgage by advertisement. The purchasers from the administrator brought an action to enjoin this foreclosure. The court made findings of fact and conclusions of law and directed that judgment be entered enjoining the foreclosure —apparently for the reason that Ernest, whose interest as an heir amounted only to an undivided one-eighteenth of the lands, had given a mortgage upon an undivided one-twelfth thereof, and Nelson had advertised that such undivided one-twelfth would be sold under the foreclosure proceedings.

At most, the foreclosure could only transfer from the mortgagor to the purchaser at the sale whatever interest in the property the mortgagor possessed. It could not affect, in any way, the rights of the purchasers from the administrator; and they had no sufficient ground for bringing the action. Nelson, however, abandoned this foreclosure proceeding, and, in November, 1922, brought an action in court against Ernest and his wife to reform and foreclose the mortgage. This action resulted in a judgment, entered January 23, 1923, that the mortgage be foreclosed and that the premises described in the complaint, being an undivided one-eighteenth of the lands, be sold to satisfy the amount due on the mortgage. A certified copy of this judgment was delivered to the sheriff who proceeded to give the usual notice of sale thereunder. Thereupon the purchasers from the administrator and Herbert Kietzer, who claimed under Erich, brought the present action to enjoin this sale and to have the mortgage canceled and satisfied of record. This action resulted in a judgment, September 20, 1923, that plaintiffs were not entitled to an injunction and that "defendant Wm. J. Nelson has by virtue of said mortgage a valid and existing lien in and on an

undivided one-eighteenth (1/18) interest in and to the real estate herein described and that plaintiffs take nothing herein." Plaintiffs appealed from this judgment.

The proceedings above outlined indicate some confusion and uncertainty among the parties concerned in respect to the steps necessary to be taken in order to secure and protect their respective rights. The questions presented are few and simple, and the law governing such matters well settled. On the death of Gottlieb Kietzer, the title to the land in controversy passed, by descent, to his widow and children, but subject to be divested by a sale of the land in the probate proceedings. Dunnell, Probate Law, §§ 77, 1209, and cases cited. The probate court had jurisdiction of the estate and power to sell the land; and when it exercised that power and caused the land to be sold by the administrator, the title and interest in the land sold and conveyed to the purchasers was the title and interest therein of which Gottlieb Kietzer died seized. Dunnell, Prob. Law, § 953. The purchasers took the land free from any claims thereto on the part of the heirs or of any one claiming under the heirs.

Defendant Nelson claims that there were no debts and that the sales were made for the benefit of the heirs, and seems to claim that sales for the benefit of the heirs are not authorized by the statute. The order directing the sale recites that it appeared to the court after a full hearing.

"That a sale of the real estate mentioned and set forth in said petition is necessary for the payment of valid claims against said Gottlieb Kietzer, decedent, and the legacies and expenses of said administration; and that it would be for the best interest of the said estate and all persons interested therein, to sell the real estate hereinafter described at private sale."

The statute, section 7344, G. S. 1913, expressly authorizes a sale for these purposes. See Deppe v. Ford, 89 Minn. 253, 94 N. W. 679, and Kelly v. Slack, 93 Minn. 489, 101 N. W. 797. The proceedings were regular in all respects; and the orders directing and confirming the sales, not having been appealed from, are final and conclusive and not subject to collateral attack. Dunnell, Prob. Law, §§ 978, 997, and cases cited.

The land sold for more than $25,000. If there are no debts, as defendant Nelson claims, all of this sum not needed for the expenses of administration will go to the heirs. For the purpose of determining the rights of the heirs and of those claiming under them, the proceeds of the real estate which will go to them is treated and considered as real estate, not as personal property; and they will take it, not as distributive shares of the personal property, but by virtue of, and as a substitute for, their respective interests in the real estate. Ness v. Davidson, 49 Minn. 469, 52 N. W. 46; Kolars v. Brown, 108 Minn. 60, 121 N. W. 229, 133 Am. St. 410; Greenman v. McVey, 126 Minn. 21, 147 N. W. 812, Ann. Cas. 1915D, 430. The cases applying the rule of an equitable conversion for the purpose of carrying into effect the intention of a testator, cited in the briefs, have no application to the facts of this case.

The mortgage given by Ernest created a valid lien on the interest in the land which descended to him, and Nelson, the holder of the mortgage, had the right to foreclose it when default was made. True, the probate sale which divested Ernest of his interest in the land also extinguished the lien of the mortgage on the land itself; but the proceeds of the sale stand in place of the land, and, at least as between Ernest and Nelson, the lien of the mortgage was transferred from the interest which Ernest had in the land to the interest, if any, which he has in the proceeds of the land. Nelson has the right to enforce this lien. Whether going through the form of a sale is necessary or proper in order to do so, is a question with which we are not concerned in this case. The plaintiffs in the present action were not parties to the foreclosure action, and their interests in the land cannot be affected in any way by the proceedings in that action. Consequently they had no ground upon which to ask for an injunction, and the court correctly refused to grant it. But the court went further and adjudged that Nelson has a valid existing lien upon an undivided one-eighteenth of the land at the present time. This was error, for Nelson has no lien on the land and plaintiffs hold it free from any claim under the mortgage.

Nelson's contention that the judgment in the action to quiet title brought by the administrator determined that he had a lien upon

an undivided one-eighteenth of the land and that his right to that lien is now res adjudicata, is not tenable for several reasons. That judgment could not and did not purport to take from the probate court the power to dispose of the land in the probate proceedings. So far as it related to Nelson, it merely recognized and saved his lien upon the interest of Ernest. Two of the present plaintiffs, William and Fred Ikier, were not parties to that action. The other two, Erich Kietzer and Herbert Kietzer, were joined with Nelson as parties defendant, and no issues were presented or litigated therein in which they and Nelson were adversaries.

The judgment, insofar as it gives Nelson a lien upon the real estate, is reversed.