AUGUST W. MORRISON v. EDWARD T. PARRY.
MINNEAPOLIS STONE COMPANY v. EDWARD T. PARRY.[1]

December 19, 1924.

Nos. 23,963, 23,964.

**When probate court may license sale of decedent's real estate.**

1. Under section 7344, G. S. 1913, the probate court may authorize the sale of real estate of a deceased person, where the court deems it for the best interest of the estate, although there be no necessity for such a sale in order to pay debts or expenses of probation.

**No collateral attack on propriety of such sale.**

2. The propriety of a sale of real estate by an executor, under a license from the probate court, may not be attacked in an action to quiet title against the purchaser at the executor's sale, the remedy being by appeal from the order granting the license to sell.

**Sale approved by court is not affected by attachment upon interest of an heir.**

3. Where real estate is sold by an executor, in accordance with a license to sell, and the sale approved by the probate court, the fact that an attachment had been levied, upon the interest of one of the heirs in the property, is of no importance in an action to quiet title to such property. In such event, the attachment lien is, by operation of law, transferred from the interest of the heir in the property to his interest in the proceeds of the sale.

[1]Reported in 201 N. W. 422.

**Purchase in good faith sustained by evidence.**
4. The evidence justifies the findings of the trial court that the purchase of the property in controversy, at the executor's sale, was made in good faith.

Two actions in the district court for Hennepin county. The cases were tried together before Waite, J., who in both cases ordered judgment against defendant. From orders denying his motions for a new trial, defendant appealed. Affirmed.

*Robert G. Morrison,* for appellant.

*Kingman, Cross, Morley & Cant,* for respondents.

QUINN, J.

Two separate actions against the same defendant, to determine adverse claims to different tracts of real estate, located in Hennepin and Carlton counties in this state. The cases were tried together below and submitted upon the same briefs and record to this court. The appeal, in both cases, is by the defendant from an order denying his motion for amended findings and judgment and in case that be denied, then for a new trial.

Martha E. Parry owned the real estate in controversy, together with other real property in this state. She died in the state of Indiana on September 7, 1917, testate, leaving, surviving her, three brothers, one sister and certain children of a deceased brother, as her sole heirs at law. Her will was first admitted to probate in the state of Indiana. On December 17, 1917, it was admitted to probate in Hennepin county, this state, and George W. Hill, a brother of decedent, was appointed executor of the will and of the estate. It is undisputed that decedent was the owner of the property in question at the time of her death and that Henry L. Hill, a surviving brother, became the owner of a one-fifth interest in her estate, subject to the probation thereof.

The defendant claims a 1/5 interest in the real estate involved in each case, under an execution sale based upon a judgment which he holds against Henry L. Hill. The action in which this judgment was rendered was commenced by the defendant Parry, in Hennepin county, by the service of a writ of attachment on Janu-

ary 31, 1919. In June, 1919, the executor of Mrs. Parry's estate petitioned the probate court of Hennepin county for a license to sell the real estate belonging to the estate. Upon hearing duly had, the license was granted on June 23, 1919, authorizing the executor to sell the real estate at private sale, including that here in controversy.

The executor duly qualified, by taking an oath and giving a bond, as required by law, had the property duly appraised, the property was sold in accordance with the license, and the sale was duly confirmed by the probate court. On September 8, 1919, the executor conveyed to the plaintiff Morrison the property purchased by him and described in his complaint herein, by an executor's deed in regular form, and on August 12, 1920, conveyed to the plaintiff Minneapolis Stone Company the property purchased by it and described in its complaint herein, by an executor's deed in regular form. The estate was thereafter closed, and the property distributed pursuant to final decree of distribution in the probate court, on November 22, 1920. The plaintiff Morrison paid, in good faith, $8,000 for the property which he bought. The final payment by him was $3,000, made in March, 1922. The Minneapolis Stone Company paid $3,250 for the property which it purchased. The trial court found that the purchases were both made in good faith. This finding was amply justified by competent evidence. The attachment levy was made in January, 1919. Execution was not issued on the judgment until November, 1922, nearly two years after the order of final distribution was filed by the probate court. Even then, matters drifted along until January, 1923, before the second sale was had. Such laches is very liable to result in just such lost opportunities as are disclosed in the proceedings before us.

The probate court was fully within the statute and the showing made in granting a license to sell the real estate belonging to the estate of decedent. Section 7344, G. S. 1913; Kietzer v. Nelson, 157 Minn. 463, 196 N. W. 641; Kelly v. Slack, 93 Minn. 489, 101 N. W. 797. If the defendant was not satisfied with the order granting the license to sell the real estate, his remedy was by appeal therefrom. That order cannot be attacked in an action, like the one at bar, to quiet title. Section 7369, G. S. 1913.

The probate court had jurisdiction over the estate and issued the license authorizing the executor to sell the real estate. The property was sold in strict accordance with the license and the sale was confirmed by the court. The fact that an attachment had been levied upon the interest of one of the heirs in the real estate is of no importance at this time. In such an event, the lien of the attachment is, by operation of law, transferred from the interest of the heir in the property sold to his interest in the proceeds of the sale. Ness v. Davidson, 45 Minn. 424, 48 N. W. 10; 49 Minn. 469, 52 N. W. 46; Kohlars v. Brown, 108 Minn. 60, 121 N. W. 229, 133 Am. St. 410; Kietzer v. Nelson, 157 Minn. 463, 196 N. W. 641. It follows that the orders appealed from should be sustained. Under our view of the cases, as above indicated, it is unnecessary to consider the assignments of Henry L. Hill of his interest in the estate of Martha E. Parry.

Affirmed.