FOSTER L. BALCH, Administrator, *vs.* SANFORD A. HOOPER and others.

June 9, 1884.

**Estates of Decedents — Administrator's Account — Resignation of Trust.**—An administrator filed his account in the probate court, with his petition, setting forth that from ill-health and advanced age he was unfit longer to serve, and praying that his account be allowed and settled, and that he be allowed to resign his trust, and that some suitable person be appointed in his place. *Held,* that an acceptance of his resignation by the court, upon a hearing had upon notice, made and entered of record in the form of an order, had the effect of a revocation of his letters.

**Same—Decision of Probate Court held a Judgment on Final Accounting.**—Upon an examination of his account on such hearing, the court made his decision in writing, in which, after giving, in the form of an exhibit, (B,) a statement of moneys received and paid out by the administrator, which showed a balance of $10,247.80 due from him to the estate, he added: "The result of this computation appears in Exhibit B, also annexed hereto and made part of this order, *and the account of said administrator is hereby settled and adjusted, as shown by said exhibit,* the final balance in his hands being $10,247.80." *Held,* that this was sufficient as a judgment upon final accounting.

**Same—Right of Adm'r de bonis non to bring Suit on his Predecessor's Bond.**—This balance was not money which the administrator had received *in specie* as assets of the estate, but was the proceeds of assets which he had converted into money. *Held,* that the administrator *de bonis non* was entitled to demand and collect this general balance due the estate, and for that purpose had a right, after permission from the probate judge, to bring an action in his own name upon the administration bond. No previous order or decree of the court, directing his predecessor to pay over this balance to him, was necessary.

**Same — Guardian Ad Litem for Minor Heirs or Legatees.**—It is not necessary, before the administration account of an executor or administrator is allowed, to appoint guardians *ad litem* for minor heirs or legatees interested in the estate.

Appeal by defendants from an order of the district court for Hennepin county, refusing a new trial, after a trial before *Koon,* J., without a jury.

*Brown & Hawkins* and *Geo. B. Young*, for appellants.

*Daniel Fish*, for respondent.

MITCHELL, J.[1]   Defendant Hooper, administrator, with the will annexed, of the estate of D. A. Huntsman, filed his account in the probate court of Scott county, accompanied by his petition, setting forth that, from ill-health and advanced age, he felt himself unfit longer to serve, and praying that his account be allowed and settled, and that he be allowed to resign his trust, and that some suitable person be appointed to succeed him.   The court made an order fixing a time and place for hearing this petition, of which due notice was given. Upon the hearing the court made its decision in writing, in which, after stating the method of accounting adopted by it, and giving, in the form of an exhibit, (B,) a statement of moneys received and disbursed by the administrator, according to the computation adopted, which showed a balance of $10,247.80 in cash due from him to the estate, he added: "The result of this computation appears in Exhibit B, also annexed hereto and made part of this *order*, and the account of said administrator *is hereby settled and adjusted, as shown by said exhibit, the final balance in his hands being* $10,247.80."   Also: "The prayer of the administrator for leave to resign has not been contested, and sufficient reasons have been shown to the court why it should be granted.  *His resignation is hereby accepted.*"   Subsequently the court appointed the plaintiff administrator *de bonis non*, who, having qualified, demanded of his predecessor payment of four-fifths of this balance of $10,247.80, it being assumed that one of the legatees under the will, who had come of age, was entitled to receive the other one-fifth.   Payment having been refused, plaintiff, having first obtained permission from the probate judge, brought this action on the administration bond to recover the amount.

1. The first point made is that Hooper and not plaintiff is still administrator; that an acceptance of a resignation does not amount to a removal, and even if a resignation tendered with sufficient reasons would authorize the court to remove, it could only be done by order or judgment duly entered.  *Rumrill* v. *First Nat. Bank*, 28 Minn. 202,

[1]Dickinson, J., because of illness, took no part in this decision.

is relied on as supporting these positions. All that was decided in that case was that a resignation tendered and an acceptance indorsed on it and filed, no entry being made in the record, and no further act done in respect to it, can have no legal effect on the *status* of the administrator. But it was further said in that case that "a resignation tendered by an executor or administrator might be good ground for removing him or revoking his letters, *and an acceptance of the resignation by the court, if entered in the form of an order in the record which the statute requires*" to be kept, "*might be taken to have the effect of a removal or revocation of the letters.*" In the present case the resignation was tendered for reasons that would not only authorize but require the removal of Hooper. The court accepted the resignation in the appropriate and apt language and form of an order or judgment. The court called it an "order," and it is certified here as a copy of the original records. There is certainly nothing in the record before us indicating that it was not entered and recorded as required by law. If the court had added the further words, "and his letters revoked," there would have been no room to question its sufficiency as an order of removal. In meaning and effect this is what the court did say. It is sufficient as an order of removal, and equally so as a judgment upon final accounting, determining and adjudging the amount due the estate from Hooper. It is suggested, however, that Hooper withdrew his application for leave to resign before the order was made. Assuming that he had the right to do this, there is no proof of the fact,—at least, the fact is controverted in the evidence,—and the findings of the court are conclusive.

2. This balance was not money which Hooper had received *in specie* as assets of the estate, but the proceeds of assets which he had converted into money. And it is claimed that an administrator *de bonis non*, as such, is entitled to receive and administer such estate only as remains *in specie;* that when the former representative has converted assets into money, and what is called an "administration" has taken place, so that only the value can be recovered, the administrator *de bonis non* cannot maintain an action, the distributees or creditors being the only parties who would have this right. This was the old rule, at least where the former executor died in office. But

whatever may formerly have been the rule, this is certainly not now the law. The provisions of chapter 55 of the statutes, and especially of section 10, show very clearly that an administrator *de bonis non* may properly be entitled to receive the amount collected upon his predecessor's bond for a general balance due the estate, to be by him administered according to law. *Palmer* v. *Pollock,* 26 Minn. 433; *Wiggin* v. *Swett,* 6 Met. 194.

3. Must the action on the bond to recover this balance be brought in the name of the probate judge, or may it be brought, by permission of such judge, in the name of the administrator *de bonis non?* If the money, when recovered, is to go into his hands to be administered, there would seem to be no good reason, in the nature of things, why the latter course might not be permitted. Gen. St. 1878, *c.* 55, § 1, provides that all bonds required by law to be taken in or by order of the probate court, or judge of probate, in case of any breach of the conditions thereof, may be prosecuted *in the name* and for the benefit of any person interested therein, whenever the judge of probate directs. Section 6 of this chapter refers to actions by persons other than the probate judge. *O'Gorman* v. *Lindeke,* 26 Minn. 93. An administrator *de bonis non* is a party "interested in the estate," and a person "aggrieved" if his predecessor fails on demand to pay over the balance in his hands due the estate. The fact that he is the party into whose hands the money is to go to be administered is conclusive on this point. *Wiggin* v. *Swett, supra.* We therefore conclude that this action was properly brought under section 6.

4. No previous order of the probate court requiring Hooper to pay over this balance was necessary. If the action had been brought by a creditor under section 3, or by the next of kin under section 4, such an order would have been essential. *Wood* v. *Myrick,* 16 Minn. 447, (494;) *Waterman* v. *Millard,* 22 Minn. 261. But we find nothing in the statutes requiring any order or decree directing an outgoing administrator to pay over the balance in his hands to his successor. Our statute undoubtedly contemplates and requires an order of distribution and payment before an administrator or executor can be deemed in default for not paying creditors, legatees, and next of kin. The reason for this is apparent. Payment to these is paying money *out*

of the estate, and, before this can be compelled, the law contemplates an order of court requiring it to be done, and directing to whom and how much should be paid. But in the case of the payment of the money belonging to the estate by an administrator to his successor, no such reason exists. This is not disbursing the money of the estate. The new administrator represents the estate and receives the money for its benefit. It was Hooper's duty to pay over this money to plaintiff on demand. It is suggested that until such order has been made and disobeyed, there is no breach of the conditions of the bond. The conditions, among others, are that "he shall and will faithfully execute the trust imposed on him as administrator," and "shall administer according to law." The functions of an administrator being, *ex vi termini*, to administer, to "administer according to law" is to fulfil the functions of an administrator, or, in other words, to perform *all* his duties. If it was Hooper's duty to pay over this money to plaintiff on demand, his failure to do so was a breach of these conditions. *Lanier* v. *Irvine*, 21 Minn. 447; *Probate Court* v. *Strong*, 27 Vt. 202; *U. S.* v. *Hodson*, 10 Wall. 395; *Sanford* v. *Gilman*, 44 Conn. 461.

5. There is no force in the suggestion that the failure of the probate court to appoint guardians *ad litem* for the infant legatees is fatal to the validity and conclusiveness of the judgment upon accounting. The statute does not require this. Gen. St. 1878, c. 54, § 14, and c. 59, § 47.

The reasoning of the opinion in the case of the *Mousseau Will*, 30 Minn. 202, is equally in point here. And, if this judgment or accounting was valid, we do not understand that its conclusiveness against the sureties is seriously controverted. See Brandt on Suretyship, § 496.

Judgment affirmed.