WILLIAM R. MERRIAM and Others v. JOHN WAGENER.

November 14, 1898.    *; ; AR, ·½. ℓⱼ ⱼ⸝

Nos. 11, 256—(94).

**Attachment—Equitable Interest of Residuary Legatee in Trust Fund.**
M. provided in his will that his executors should set apart, out of his estate, interest bearing securities sufficient to produce an annual income of $8,000 per annum, which they should collect and pay over to his wife during her natural life, and upon her death such securities to be held by the executors as a part of the residue of his estate, and go to his residuary legatees. The executors were given power to sell any of the securities for the purpose of reinvesting the proceeds. The executors set apart, for the purposes of this trust, certain corporate stocks. The balance of the estate has been fully administered and distributed under the final order of the probate court, by which the securities referred to were assigned to the executors, as trustees. The conditions of the trust are still unperformed, the widow of M. still living. R. is one of the residuary legatees under the will. *Held* that, while R. has a vested interest in this fund, yet so long as the title to and dominion over these securities, with power to sell the same, are vested in the trustees, and the conditions of the trust in favor of the widow are not fully performed, R. has no attachable interest in the specific securities.

**Same—Trustees May Maintain Action to Set Aside Attachment.**
Also, that the trustees may maintain an action to set aside an attachment on R.'s interest in the securities for the reason that it is liable to embarrass and hinder them in the execution of the trust.

Action in the district court for Ramsey county to set aside an attachment and to restrain defendant from proceeding thereunder. The case was tried before Bunn, J., who found as facts, among other things, that defendant, as sheriff, under a writ of attachment duly levied upon and attached all the right, title and interest of

Robert H. Merriam in or to certain shares of stock, being part of the securities held by plaintiffs as trustees for the purposes which are stated in the opinion; that defendant still held and claimed the right to hold the interest so levied upon under said writ to respond to any judgment which might be rendered in favor of the plaintiff in the action in which the writ was issued; that defendant had never attached or seized any of the stock, but only the interest and title of said Robert H. Merriam therein; that defendant had never demanded possession of any of said stock, and had never claimed under the writ any right to any income from the stock during the life of Helen M. Merriam. As conclusion of law the court found that defendant was entitled to judgment that plaintiffs take nothing by the action. From a judgment entered in pursuance of the decision, plaintiffs appealed. Reversed.

*J. D. O'Brien* and *J. F. Fitzpatrick*, for appellants.

If the attachment be held good, plaintiffs' control and right of sale will be effectually destroyed. The levy in the manner pointed out in the statute is as effectual an interference with the property as its nature will permit. Hossfeldt v. Dill, 28 Minn. 469; Leonard v. Maginnis, 34 Minn. 506. Attachment of property of trustees could not be allowed, if it were necessary to get manual possession. Mower v. Stickney, 5 Minn. 321 (397). To sustain this attachment is to establish a different rule in all cases where the levy does not interfere with the actual possession. The interest of a remainder-man in personal property is not subject to garnishment or attachment. Drake, Attach. § 246a; Waples, Attach. (2d Ed.) § 255; 2 Shinn, Attach. §§ 531–2. Robert H. Merriam's interest is in the general fund, not in the specific stocks. G. S. 1894, § 5292, does not cover the case. See Middletown v. Jarvis, 33 Conn. 372; Maxwell v. McGee, 12 Cush. 137. It would be a hardship on the beneficiary of the life estate to interfere with the power of sale. A bill in equity is the only proper method to reach the interest of the remainder-man. See Ricketson v. Merrill, 148 Mass. 76.

*Gilfillan, Willard & Willard*, for respondent.

Whether the attachment was good or bad, the action cannot be

maintained, since no rights of plaintiffs' were affected by the attachment. The interest in the securities, when they were assigned, was a vested one. State v. Willrich, 72 Minn. 165; Snyder's Estate, 180 Pa. St. 70; Wheeler v. Brewster, 68 Conn. 177; Gingrich v. Gingrich, 146 Ind. 227; In re Morris Estate, 9 App. Div. 602; In re Embree, 154 N. Y. 778; Rogers v. Strobach, 15 Wash. 472; Shaw v. Eckley, 169 Mass. 119; Bethea v. Bethea, 116 Ala. 265; Lenz v. Prescott, 144 Mass. 505; Kottmann v. Gazett, 66 Minn. 88. The same rule applies to personal as to real estate. In re Oertle, 34 Minn. 173. The general power of sale does not authorize the trustees to sell for reinvestment without an order from the district court. Bigelow v. Tilden, 18 Misc. Rep. 689; In re Tower's Estate, 49 Minn. 371; Cruikshank v. Parker, 51 N. J. Eq. 21; Mersman v. Mersman, 136 Mo. 244; Wilkinson v. Buist, 124 Pa. St. 253; Weston v. Massachusetts, 169 Mass. 76; Fidler v. Lash, 125 Pa. St. 87; Heard v. Read, 169 Mass. 216; Petit v. Flint, 114 Mich. 362; Officer v. Simpson, 27 Minn. 147. The court may order sale if necessary. Mayall v. Mayall, 63 Minn. 511. Even if the life tenant had power to dispose of part of the fund for reinvestment or use, the interest of R. H. Merriam is none the less vested, though subject to be devested by execution of the power. Burleigh v. Clough, 52 N. H. 267; Wood v. Robertson, 113 Ind. 323; New England v. Buice, 98 Ga. 795; Ducker v. Burnham, 146 Ill. 9; Woodman v. Woodman, 89 Me. 128; Battersby v. Castor, 181 Pa. St. 555; Welsh v. Woodbury, 144 Mass. 542; Wallace v. Monroe, 22 Ill. App. 602; Bouton v. Thomas, 46 Hun, 6; Hawkins v. Bohling, 168 Ill. 214; Ewing v. Warner, 47 Minn. 446; President v. Balch, 171 Ill. 275; Ness v. Wood, 42 Minn. 427; Ness v. Davidson, 45 Minn. 424, 49 Minn. 469; King v. Remington, 36 Minn. 15; Atwater v. Manchester Sav. Bank, 45 Minn. 341; Mellen v. Mellen, 139 N. Y. 210; Kinnier v. Rogers, 42 N. Y. 531. The trustees cannot arbitrarily exercise this power. Heermans v. Robertson, 64 N. Y. 332; Townshend v. Goodfellow, 40 Minn. 312; Sneer v. Stutz, 102 Iowa, 462. The trustees, so far as concerns the interests of R. H. Merriam, have no title or estate in these securities. The only bequest to the trustees is of the residuary estate, and the securities do not become a part of it till after the death of Mrs. Merriam. On her death one-fourth of them

passes to R. H. Merriam; so that if the trustees have any seisin, it is instantaneous. Potter v. Ranlett (Mich.) 70 N. W. 661; Aikin v. Smith, 1 Sneed, 304; Ellis v. Page, 7 Cush. 161; In re Oertle, supra; Ness v. Davidson, supra.

If this interest is vested, it is alienable; if contingent, it is a future estate. G. S. 1894, § 4374. A future estate is an estate in expectancy. Section 4370. Expectant estates are descendible, devisable, and alienable. Section 4396. Sawyer v. Cubby, 146 N. Y. 192; Carney v. Kain, 40 W. Va. 758; Heard v. Read, supra. The same rules are applicable to personalty, and interests for life and in expectancy may be created and limited therein in the same manner. In re Oertle, supra. The interest of R. H. Merriam in these securities is subject to claims of creditors, and this even if the title to them is in the trustees. Thornton v. Stanley, 55 Oh. St. 199; Young v. Easley, 94 Va. 193; Gardner v. Hooper, 3 Gray, 398.

This interest may be reached by attachment. G. S. 1894, §§ 5292, 5293; Atwater v. Manchester Sav. Bank, supra; Wallace v. Monroe, supra; White v. McPheeters, 75 Mo. 286; Wilkinson v. Chew, 54 Ga. 602; Wiley v. Bridgman, 1 Head, 68; Stevens v. Milligan, 167 Mass. 84; Wood v. Watson, 20 R. I. 223. Equitable interests in real estate can be sold on execution. Reynolds v. Fleming, 43 Minn. 513; Atwater v. Manchester Sav. Bank, supra; Mower v. Stickney, 5 Minn. 321 (397); McClellan v. Solomon, 23 Fla. 437. The attachment is good, though the stock does not stand in the name of the defendant. Tufts v. Volkening, 122 Mo. 631; Hewitt v. Durant, 78 Mich. 186; Middletown v. Jarvis, 33 Conn. 372.

MITCHELL, J.

John L. Merriam, by his last will and testament, gave and bequeathed to his wife, Helen M. Merriam,

"An annual allowance of the sum of eight thousand dollars per year for and during her natural life, and which said annuity shall be provided for and paid over in the manner following; that is to say: My executors shall set apart from or provide out of my estate such interest or dividend-bearing securities as shall be sufficient to produce a certain annual net income of at least $8,000 per year, and which said net income they shall collect, and pay over to my said wife therefrom the sum of $8,000 per year, in quarterly instalments, for and during her natural life, for her absolute use and disposal."

The will further provided that upon the death of Mrs. Merriam

"The said securities shall be held by my said executors, or their successors, as a part and parcel of the rest and residue of my estate, to be hereinafter disposed of."

The testator thereinafter devised and bequeathed the rest and residue of his estate to the executors in trust, one of the trusts being that when and as each of the testator's three sons, John, Robert and Alanson Wilder, should have attained the age of 28 years,

"The said trustees shall pay over, convey and deliver to such son, at that age, an equal one-fourth part of all the said rest and residue of my said real estate and personal property," etc.

The will also provided that the executors, as such, and as trustees of the several trusts therein created, might, at their discretion, sell, lease, mortgage or otherwise incumber any of the real or personal property, either for the purposes of paying debts and legacies, or for the purposes of partitions or divisions, or for the purposes of investment or reinvestment, or otherwise providing for carrying out the true intent and trusts of the will.

The plaintiffs are the executors and trustees named in the will. In execution of the trust in favor of the widow of the testator, they selected out of the assets of the estate certain corporate stocks and bonds, to an amount the income from which they thought would be sufficient to pay the $8,000 a year to the widow; but, owing to a subsequent decrease in dividends and interest, the income from them is less than $8,000 per annum. The widow is still living. The estate has been fully administered and distributed and assigned, under a final decree of the probate court, by which the stocks and bonds above referred to were assigned to the plaintiffs as trustees for the purposes of the trust in favor of the widow. These securities are still held by the trustees, who are paying the income therefrom to the widow, in accordance with the provisions of the will. Robert H. Merriam is one of the residuary legatees and devisees under the will, and had attained the age of 28 years before the death of the testator. One Morse, a creditor of Robert, brought an action against him in this state; and, under a writ of attachment issued

in that action, the defendant, as sheriff, levied upon all the right, title and interest of Robert in part of the specific securities held by the plaintiffs, as trustees, for the purposes above mentioned.

The plaintiffs brought this action to set aside the levy; claiming that Robert H. Merriam had no attachable interest in the securities, and that the attachment levy was such an interference with the rights of the plaintiffs in the execution of their trust as entitles them to maintain an action to set it aside.

1. The first question presented is whether Robert H. Merriam, as one of the residuary legatees, has an attachable interest in the specific securities in the hands of the trustees.

It is very clear to us that the title to, as well as the dominion over, the securities, is vested in the trustees, and must so remain until the death of the testator's widow, when it will become their duty to distribute the residuum among the residuary legatees according to the provisions of the will. It is also clear that the trustees have the power to sell the whole or any part of the securities, at least for the purpose of reinvestment. It is equally clear that Robert H. Merriam has a vested interest in this trust fund. That interest became vested, under the will, upon the death of the testator. But he has no title or estate to or in the corpus of these specific stocks and bonds. In the execution of the trust in favor of the widow they may be all sold, and the proceeds reinvested in some other form. His interest is in the residuum of the trust fund, in whatever form it may be invested, after the trust in favor of the widow has been fully executed. This interest is doubtless alienable. It is also true that this interest can be reached by creditors in an appropriate action. See Ricketson v. Merrill, 148 Mass. 76, 19 N. E. 11. It may also be subject to attachment. But it does not follow that he has an attachable interest in any of these specific securities. Our statute provides that

"All goods and chattels, real and personal, all property, real, personal and mixed, including all rights and shares in the stock of any corporation, all money, bills, notes, book-accounts, debts, credits and all other evidences of indebtedness, belonging to the defendant, are subject to attachment." G. S. 1894, § 5292.

This is much broader than the common-law rule, but not broad

enough to cover a case like the present, where the debtor has no title or estate, either legal or equitable, to or in the specific property, but both the title to and dominion over the property, with power of disposition, at least for purposes of reinvestment, are vested in trustees, in part for the benefit of a third person, and the conditions of the trust are still unperformed. With all due deference to the learned trial judge, it seems to us that he has erred in assuming that, because the debtor's interest in this trust fund is vested, alienable, and capable of being reached by creditors, therefore he has an attachable interest in the specific securities; also, that perhaps he may have confounded this case with those where, without the intervention of any trustee, the debtor, as remainderman or otherwise, has an estate, legal or equitable, in the corpus of some specific property. Our conclusion is that in this case the debtor had no attachable interest in any of these specific securities.

2. While it is undoubtedly true that the attempted attachment would not in law prevent or interfere with the performance of the trust by the plaintiffs, yet it might, and naturally would, in practice, seriously embarrass them in so doing, especially if they should have occasion to sell the trust securities. The attachment would be liable to cast such a doubt and cloud upon the exact condition of the title to the securities as would deter intended purchasers, or reduce their value in the market. For this reason, if no other, we think the plaintiffs are entitled to maintain this action.

Judgment reversed, and cause remanded, with directions to the court below to order judgment for the plaintiffs as demanded in the complaint.