MICHAEL McALPINE v. FRANK H. KRATKA and Others.[1]

May 25, 1906.

Nos. 14,675—(87).

**Default in Administrator's Bond.**

A former administrator received funds of the estate, which he failed to account for within the time allowed by the order of the probate court, and which upon due demand he refused to pay over to his successor, as administrator de bonis non. In an action by the administrator de bonis non against the former administrator and the sureties upon his bond, *held,* that such failure to account to the probate court within the time limited, and to pay the sum received by him as administrator to his suc-

[1]Reported in 107 N. W. 961.

cessor, amounted to a default in the bond, which was conditioned that he should administer the estate according to law, render a just and true account of his administration when required by the court, and perform all orders and decrees of the court. The district court has jurisdiction to entertain the action upon the bond to enforce the liability, and prima facie the amount of the liability of the sureties is the amount received by the principal, not to exceed the face of the bond.

**Complaint.**

The complaint states facts sufficient to constitute a cause of action.

Action in the district court for Itasca county by plaintiff, as administrator de bonis non of the estate of James H. Caldwell, deceased, to recover from defendants, Frank H. Kratka as principal and Chase L. Dobner, Rasmus Oen and Hans Langsteth as sureties, the sum of $5,000 upon a bond given by defendant Kratka as general administrator of the estate. From orders, Spooner, J., sustaining separate demurrers to the complaint, plaintiff appealed. Reversed.

*Charles J. Berryhill,* for appellant.

*Fargo & Stanton,* for respondents.

LEWIS, J.

Action upon administrator's bond to recover the amount claimed to have been converted by a former administrator of the estate.

The complaint states that May 24, 1901, defendant Kratka was the duly appointed and acting administrator of the estate, and as such executed his bond, with the other defendants as sureties, conditioned upon the faithful execution of the trust reposed in the administrator. The condition of the obligation was that the administrator

> Shall administer according to law all the goods, chattels, rights, credits, and estate of said deceased which shall at any time come to his possession or to the possession of any other person for him, and out of the same shall pay and discharge all debts and charges chargeable on the same, or such dividends thereon as shall be ordered and decreed by said court, and shall render a just and true account of his administration to said court within one year, and at any other time when required by said court, and shall perform all orders and decrees of said court by him to be performed in the premises.

It is alleged that during 1902 the administrator rendered a report, which was allowed by the probate court, leaving a balance in his hands as administrator of $2,900, and that September 3, 1904, the probate court issued an order allowing the administrator sixty days for disposing of the estate and paying the debts of the deceased, and no longer, unless the time so limited should be extended by the order of the court for cause shown; that July 13, 1905, Kratka was removed as administrator, and plaintiff appointed administrator de bonis non. It was then stated that prior to the time of his decease Mr. Caldwell, the intestate, executed a fraudulent mortgage upon certain of his real estate, and that the mortgage was assigned through two or three different parties, and finally assigned to the wife of Kratka after he had been appointed administrator; that he thereupon caused the mortgage to be foreclosed and the property sold; that the purchaser at such sale paid $4,500 into the hands of Kratka; and that he has wrongfully and unlawfully converted the same to his own use, and has refused and neglected to account therefor to plaintiff, or turn it over to him, although due demand was made. It is also alleged that plaintiff was duly authorized by the probate court to bring this action against the principal and the sureties on the bond.

The complaint was demurred to by defendant Kratka upon the ground that the court has no jurisdiction of the subject-matter of the action; that it appears from the complaint that several causes of action are improperly united; and that the complaint does not state facts sufficient to constitute a cause of action. Demurrer was also interposed by the other defendants upon the ground that plaintiff had no legal capacity to sue and that the complaint does not state facts sufficient to constitute a cause of action. The court sustained the demurrers.

The principal ground urged in support of the demurrers is that it does not appear upon the face of the complaint that there was default in the conditions of the bond, and that the district court did not acquire jurisdiction of the subject-matter for the reason that the amount of the administrator's liability had in no manner been determined by the probate court, relying upon Betcher v. Betcher, 83 Minn. 215, 86 N. W. 1, and other cases.

In Huntsman v. Hooper, 32 Minn. 163, 20 N. W. 127, it was held

that an executor or administrator, and his sureties, could not be charged by a suit in the district court with the breach of the condition of the administrator's bond in respect to paying legacies until there had been an order or decree of the probate court directing payment and a failure to comply therewith. In Waterman v. Millard, 22 Minn. 261, following Wood v. Myrick, 16 Minn. 447 (494), it was held that no action could be maintained on an administrator's bond by a creditor to recover a debt allowed by the commissioners until the probate court had ordered the debt or some part of it to be paid. The decisions in these cases are based upon statutory provisions and are not controlling upon the question now before us.

Betcher v. Betcher, supra, was an action brought in the district court by an administrator de bonis non to compel an accounting against a preceding executor of the estate, and it was held that the probate court had jurisdiction to call the delinquent to an accounting and that the district court was without jurisdiction in the premises. No accounting had ever been made, no bond was involved in the action, and there was no reason why the district court should assume jurisdiction.

In Balch v. Hooper, 32 Minn. 158, 20 N. W. 124, it was held that an administrator de bonis non was entitled to bring a suit upon his predecessor's bond without a previous order or decree of the court directing such predecessor to pay over the balance due. The acts upon which plaintiff relies to constitute a default in the bond are that the administrator was removed and that he failed to pay over the proceeds in his hands to plaintiff, his successor, although due demand was made, and, further, that he failed to dispose of the estate and pay the debts of the deceased within the sixty days allowed by the court.

We have been somewhat impressed with the suggestion that the amount of Kratka's liability ought to be determined by the probate court upon an adjustment of his final account before the sureties are required to respond in an action on the bond; but according to the complaint the principal was expressly ordered by the probate court to close the estate, and has had ample opportunity so to do, and the sureties cannot be relieved from the default of their principal provided the conditions of the bond have been violated.

While upon a final accounting in the probate court the amount of Kratka's liability to the estate might be reduced below $2,900 by allowance of fees and disbursements, yet the sureties cannot insist that such final accounting shall be had before an action can be maintained upon the bond, unless the district court has no jurisdiction to entertain such a suit until the final accounting is had. The probate court still has jurisdiction of the estate, with the power to enforce a settlement and accounting by the administrator; but the district court has jurisdiction incidental to the probating of the estate to carry into effect the obligations assumed by the administrator by virtue of the bond. Upon the facts set forth in the complaint, therefore, there is prima facie a liability on the part of the administrator for the total amount alleged to be due the estate. If in this action it is made to appear by the sureties in their answer to the complaint that in fact the administrator is not indebted to the estate in the amount of $2,900, it is to be presumed that the district court, upon proper application and sufficient showing, would stay proceedings until the final adjustment and settlement of the account in the probate court. However that may be, we hold that the district court has jurisdiction, and that a cause of action is stated against the principal for the full amount received by him, and against the sureties for an amount not to exceed the face of the bond.

Orders reversed.