# PETER VUKMIROVICH v. V. D. NICKOLICH and Another.[1]

October 10, 1913.

Nos. 18,214—(267).

**Liability on administrator's bond.**
   1. The surety on an administrator's bond, executed pursuant to R. L. 1905, § 3809, is liable thereon where the principal converts the proceeds of a settlement of the cause of action given by section 4503 for the wrongful death of the intestate.

**Action by administrator de bonis non.**
   2. An administrator de bonis non may maintain an action to enforce such liability.

**Finding sustained by evidence.**
   3. Evidence *held* to sustain the trial court's finding that defendant surety company's principal was guilty of such a conversion.

Action in the district court for St. Louis county by the administrator de bonis non of the estate of Philip Vukmirovich, deceased, against V. D. Nickolich and the Massachusetts Bonding & Insurance Co. to recover $1,350.41. The facts are stated in the opinion. The case was tried before Dancer, J., who made findings and as conclusion of law ordered judgment against defendants in the sum of $811.41. From an order denying the motion of defendants for a new trial, defendant insurance company appealed. Affirmed.

*H. W. Lanners, C. L. Lewis* and *Brown & Guesmer,* for appellant.
*William A. Watts* and *Henry F. Greene,* for respondent.

PHILIP E. BROWN, J.

Action by an administrator de bonis non upon his predecessor's bond executed by the Massachusetts Bonding & Insurance Co. as surety, to recover moneys received by the administrator in settlement of a claim for the death, by wrongful act, of the intestate, and alleged to have been converted by him. The court, after trial with-

1 Reported in 143 N. W. 275.

out a jury, found for plaintiff and ordered judgment against the principal and surety. The company appealed from an order denying it a new trial.

1. The first question involved is: Is the surety on an administrator's bond executed pursuant to R. L. 1905, § 3809, liable thereon where the principal converts the proceeds of a settlement of the cause of action given by the statute (section 4503) for causing the wrongful death of the intestate? This court has repeatedly held that the cause of action referred to is purely statutory and primarily enforceable only by the personal representative of the deceased, to whom, however, it is given as a matter of convenience, the recovery being no part of the decedent's estate, in the strict sense of that term, but inuring to the benefit of the surviving spouse and next of kin; that the probate court has neither jurisdiction over the action nor power to direct the distribution of its proceeds, which rests with the district court in which recovery is had; and that with respect to such claim the administrator is an officer of the district court, and holds the proceeds as trustee for the statutory beneficiaries. Moreover since, as we have also held, the jurisdiction of the district court rests not upon the commencement of an action, but upon the statutory right of action, the rules stated apply equally where settlement is made by the administrator without action. Also, he may make such settlement without the beneficiaries' consent, and they may do likewise without his consent.

Appellant insists that these propositions, together with the constitutional provision defining the jurisdiction of our probate courts, deprive the latter of all jurisdiction and control over matters pertaining to the fund resulting from the statutory liability, and that any default of the administrator in the discharge of his duties, with respect to such claim or fund, constitutes a breach of his trust in the district court only, against which his bond is not conditioned, and hence that the question propounded must be answered in the negative.

Obviously this result would be unfortunate, for, so far as concerns the statutory claim for the death of the intestate, it would render purposeless the statutory provision (R. L. 1905, § 3809) requir-

ing an administrator, upon appointment, to give the bond, with sureties, the conditions of which will be recited later, and also the surviving spouse or next of kin might be left remediless in case a financially irresponsible administrator appropriated the entire fund realized from the claim. Appellant, while so conceding, insists that the result indicated is attributable to legislative inaction, and inevitable. Before accepting the hypothesis advanced and its consequences, however, it should be clear that such is the law, which question we will now consider.

R. L. 1905, § 3809, previously referred to, requires the representative in all cases to execute, before entering upon the duties of his trust, a bond in such sum as the probate court directs, with sufficient sureties, conditioned "for the faithful discharge of all the duties of his trust according to law." It is worthy of note that the legislature has made no express exemption of death claims or moneys received thereon from the terms of the bond. In 1890, this court, in Hutchins v. St. Paul, M. & M. Ry. Co. 44 Minn. 5, 46 N. W. 79, held, upon grounds which have since remained unassailed, and are not here questioned, that the probate court had jurisdiction to appoint an administrator for the sole purpose of enforcing such a claim, the intestate there having been a nonresident without property. See also Austro-Hungarian Consul v. Westphal, 120 Minn. 122, 143, 139 N. W. 300. And it must also be held that the appointment of an administrator, and the requirement of a bond to protect the beneficiaries, are so correlated that the power to appoint necessarily implies the legal and constitutional right to exact the bond.

However, we may concede that if the probate court's powers ended upon appointment of the administrator and approval of his bond, and if thereafter the administrator owed no duty, the nonperformance of which such court might take cognizance of, then no breach of duty has been established; yet, if the contrary appears, and such duty not only exists but has necessarily been violated by the conversion, it must be held that there has been no "faithful discharge of all the duties of his trust according to law" by the administrator. In this connection it must be remembered that we are not dealing with the powers of the district court to make, enforce, and punish violations

of, its orders made in the course of actions pending or with respect to moneys received under the statute, nor with their evidentiary effect when presented to the probate court. Statutory bonds must be construed in the light of the statute creating the obligations intended to be secured, and either extended or restricted in scope, as the case may be, to cases contemplated by the statute, unless violence thus be done to the language of the bond. Combs v. Jackson, 69 Minn. 336, 72 N. W. 565. The terms of the bond in the present case are broad enough to cover all violations of duty on the part of the administrator, and by virtue of his appointment and qualification the obligation devolved upon him, in the absence of settlement by the beneficiaries, to take the necessary steps to realize upon the death claim. If settlement be made without action the powers of the district court are not invoked, except for the purpose of decreeing the respective amounts to be awarded the beneficiaries and matters incident thereto. Thereafter the duty devolves upon the administrator to make distribution accordingly. Unquestionably, for failure of an administrator to perform his duties in these regards, the probate court may remove him, and even after he has complied with the orders of the district court he remains amenable to the former, and it is still incumbent upon him to establish such fact therein upon his application thereto for discharge, the latter being a branch of the probate jurisdiction. The probate court, therefore, is not divested of jurisdiction until after the performance of these functions, and until then the administrator proceeds equally in the discharge of his trust in the probate as in the district court. This conclusion logically follows, for under Laws 1905, p. 526, c. 332, an administrator cannot obtain an order in the probate court discharging him and his sureties until it appears that "he has in all things well, faithfully and fully administered his trust as such executor or administrator," and if, when called upon to account therein, it appears that he has not complied with the order of the district court respecting the proceeds of the death claim, it cannot be said that he has performed the duties of his trust. Where, therefore, it appears that he has not only failed to comply with the order of the district court, but has actually converted the fund, it must be held that he has vio-

lated his trust. See Goltra v. People, 53 Ill. 224; People v. Pacific Surety Co. 130 Ill. App. 502; Glass v. Howell, 2 Lea (70 Tenn.) 50. These cases reinforce the views expressed, and we have been referred to no authority to the contrary.

2. Appellant contends that if there is liability on the bond for conversion of the fund, the administrator de bonis non had no right to maintain an action to enforce it, because the beneficiary is the owner of the fund, and the real party in interest. We do not consider this an open question. Under our statute such representative has the same powers as the original. Balch v. Hooper, 32 Minn. 158, 20 N. W. 124; McAlpine v. Kratka, 98 Minn. 151, 107 N. W. 961. The purpose of this administration was to place moneys in the hands of the beneficiary entitled thereto, and it was the duty of the administrator de bonis non to use all available means and securities to obtain for her the amount awarded by the district court. Modern statutes, including our own, authorize an administrator de bonis non to demand and recover from his predecessor, and the latter's sureties, all moneys due to parties interested. See Balch v. Hooper, 32 Minn. 160, 20 N. W. 124. See also 108 Am. St. 424 b.

3. The trial court's finding that the administrator wrongfully converted the money received on the settlement of the death claim and ordered by the district court to be paid to the beneficiary, is amply sustained by the evidence.

Order affirmed.