CHRIST FREDERICKSON v. AMERICAN SURETY COMPANY OF NEW YORK.[1]

January 12, 1917.

Nos. 20,095—(178).

**Bond of guardian — surety liable for proceeds of sale of ward's realty.**
  The matter of the sale of the ward's real property, when rendered necessary by the condition of the estate, and all acts pertaining thereto, including an accounting for the proceeds of the sale, are duties imposed upon the guardian by statute, the faithful performance of which is secured by the guardian's general bond. The special or sale bond is additional or cumulative security, and not a substitute for the general bond.

Action in the district court for Becker county to recover $1,191.24 upon defendant's bond as surety for Torvald Nelson, as guardian of plaintiff. The answer set up the defense mentioned in the second paragraph of the opinion. The case was tried before Roeser, J., who made findings

[1]Reported in 160 N. W. 859.

and ordered judgment in favor of plaintiff for $1,181.24. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber,* for appellant.

*P. F. Schroeder,* for respondent.

BROWN, C. J.

The facts in the case are as follows: One Nelson was by the probate court of Becker county duly appointed guardian of the property and estate of plaintiff during his minority. Nelson duly qualified and executed with defendant as surety the usual guardian's general bond conditioned, among other things, that the guardian should well and faithfully discharge all the duties of his trust according to law. The property of the ward consisted of a small amount of money, and certain real estate situated in Becker county. Not long after the appointment, the guardian petitioned the probate court for license to sell the real estate, and the license was duly granted. In compliance with the statute in such cases provided (G. S. 1913, § 7354), the guardian duly executed the sale bond, conditioned for the just and faithful discharge of the duties of the guardian in respect to the sale, and to pay over and account for the money received therefor. The sale was made and the guardian received the sum of $1,066, as the proceeds thereof. This he appropriated to his own use, and never accounted for, though required to do so by order of the probate court.

Upon arriving at his majority plaintiff, the ward, brought this action against the surety on the original or guardian's general bond, to recover the amount so received and converted by the guardian with interest and costs of suit. The guardian was not made a party, and the surety interposed in defense that the general bond was not liable for the proceeds of the sale of the real estate; that the special sale bond was exclusively holden therefor. The court overruled this claim and ordered judgment for the amount claimed with interest. Judgment was so entered and defendant appealed.

The one main question, namely, whether the general bond of a guardian is liable for the proceeds derived from the sale of the ward's real

property where, as in this state, the guardian is required to execute a special bond before making the sale, is one upon which the courts of the different states do not agree. The authorities are collected and commented on in a note to Southern Surety Co. v. Burney, 34 Okla. 552, 126 Pac. 748, 43 L.R.A.(N.S.) 308. The question of liability or non-liability of the general bond is made to turn by some of the cases upon the question whether the duties of the guardian in respect to the sale of the ward's real property come within the scope of his general duties as granted and prescribed by the statutes of the particular state. If not a part of such general duties, and a special sale bond is required, the latter is held alone liable. Southern Surety Co. v. Burney, supra. But we think the question is settled by our statutes which, it would seem, leave no room to doubt the intention of the legislature to make the general bond primarily liable for any and all defaults of the guardian. G. S. 1913, § 7441, provides that every person appointed as guardian, before letters are issued to him, shall give the bond provided for by section 7416. That section provides that the bond shall be conditioned for the "faithful discharge of all the duties of his trust." The bond in suit is so conditioned. The general powers and duties of the guardian are stated in section 7442, and by some of the following sections. But the duties there mentioned do not embrace all that are imposed upon the guardian. One of the duties, not there expressly referred to, is to make a sale of the ward's real estate whenever the conditions of the estate render the same necessary and the court authorizes and directs same to be made. Though this may be a special duty, it is nevertheless a duty imposed upon the guardian, the faithful performance of which the general bond must be held to stand sponsor, for its express condition is that the guardian shall faithfully perform *all* his duties as such. This view will not permit of the distinction between general and special duties which some of the courts seem to make. That the legislature intended the general bond to stand as primary security for the performance of all the duties of the guardian is further shown and emphasized by section 7420, wherein provision is made for the discharge of the special bond upon the coming in of the guardian's report, when it appears that the general bond is sufficient in amount to cover the additional liability of the guardian. This would seem conclusive of the legislative intent to make the sale bond a

temporary matter, to be released by order of the court upon the report of sale being filed, subject to the condition stated as to the sufficiency of the general bond. It is not important that no order of release was made in this case. The general bond in such cases is executed subject to the provisions of the statute, and to an exercise of the right to discharge the sale bond as there conferred upon the court. We refer to the statute as a clear indication of the legislative purpose in requiring the additional security, and as showing that the sale bond was not intended as a substitute for the general bond. That the general bond is liable is supported by Vukmirovich v. Nickolich, 123 Minn. 165, 143 N. W. 255; and also by Durfee v. Joslyn, 92 Mich. 211, 52 N. W. 526; Wann v. People, 57 Ill. 202; Fay v. Taylor, 11 Metc. (Mass.) 529; Hughes v. Goodale, 26 Mont. 93, 66 Pac. 702, 91 Am. St. 410.

This disposes of the case, and covers all that need be said in disposing of the points made, except that there was no error in allowing interest on the money converted by the guardian.

Judgment affirmed.