JOSEPHINE MELBY v. J. E. NELSON AND OTHERS.[1]

December 3, 1926.

No. 25,639.

**When district court can construe a will admitted to probate.**

1. The district court, being a court of general jurisdiction, may, as an incident to an action to determine adverse claims, in order to effectuate its judgment, construe a will, which has been admitted to probate, although it has not been construed by the probate court.

**Devise to wife in trust, with power of alienation, construed.**

2. A testator devised his estate to his wife in trust with full power of alienation, and subject to such trust it was given to the wife and children. *Held*:

(1) That the children, though they did not have title, had, in the lands of the estate, a vested interest which was alienable and which could be reached by a creditor.

(2) Liens acquired by creditors of such children may be divested by a sale made by the trustee.

(3) In such case the liens are transferred from the interest in the land to the interest of the debtor in the proceeds of the land.

[1]Reported in 211 N. W. 465.

Courts, 15 C. J. p. 1139 n. 87.

Trusts, 39 Cyc. p. 235 n. 58; p. 236 n. 60; p. 237 n. 71; p. 238 n. 73; p. 348 n. 10; p. 381 n. 51 New.

Wills, 40 Cyc. p. 1777 n. 85; p. 2086 n. 65.

Defendants M. O. Peterson and First National Bank of Hendricks appealed from the judgment of the district court for Yellow Medicine county, Qvale, J., in favor of plaintiff.   Reversed in part.

*J. N. Johnson,* for appellants.

*Daly & Barnard,* for respondent.

WILSON, C. J.

Plaintiff prevailed in an action to determine adverse claims.   Appellants' motion for amended findings was denied.   They appealed from the judgment.

John H. Melby died testate.   His will made his wife, Josephine Melby, the executrix and also trustee by putting all the property in her hands so long as she remained a widow, but in no event to continue longer than until the youngest child arrived at majority. The trustee was given full power to sell and mortgage and to use income for herself and children with the right to invade the corpus of the estate if the income was insufficient for the support of the family.   Subject to such trust the will gave one-third of all property to the widow and two-thirds to the seven children equally.

The will was admitted to probate on May 3, 1918.   The estate is in process of administration.   No decree of distribution has been made nor has the will been construed by the probate court.

On July 22, 1924, one of the sons, Casper Melby, mortgaged his share of the lands of said estate in Lincoln county to appellant Peterson.   The premises were sold to Peterson on mortgage foreclosure sale on January 2, 1925.   This son also mortgaged his interest in lands of the estate in Yellow Medicine county which were bought by the mortgagee, Peterson, on foreclosure sale March 31, 1925.   The usual certificates were issued and recorded.

On April 21, 1924, Peterson recovered a judgment against Casper Melby for $396.19 which was docketed in the office of the clerk of the district court of Yellow Medicine county.

On April 14, 1925, another son, Clarence Melby, mortgaged his interest in the lands of the estate to the appellant bank. This mortgage and the judgment above mentioned remain unpaid. All the mortgages were recorded.

The prayer of the complaint is that plaintiff be decreed the owner of the lands in fee and that defendants be adjudged to have no lien thereon or interest therein.

The trial court found as a conclusion of law that the title to the land was vested in plaintiff as executrix and trustee with full power of sale, disposition and right of alienation of the whole or any part of said lands for the purpose of carrying out and executing said trust.

The court also found that neither Casper Melby nor Clarence Melby had any estate, title or interest in the lands subject to alienation by them. That neither of said appellants acquired any lien on any of said land by virtue of said mortgages or any of them nor by virtue of said judgment.

1. Appellants claim that the district court did not have jurisdiction to hear this case because the construction of a will is necessarily involved. Some of our authorities on this phase of the case are collected in O'Brien v. Lien, 160 Minn. 276, 199 N. W. 914. None of them touches the precise point here involved. There is no doubt but that the probate court has jurisdiction to construe the will. There are cases where the district court has concurrent jurisdiction. The presence and effect of the trust may involve such equitable feature as to invoke the interference of a court of equity. State v. Ueland, 30 Minn. 277, 15 N. W. 245. Plaintiff may find a necessity for having this title acceptable to a purchaser before the probate court can have an opportunity to construe the will in making the final decree. She had a right to institute this action in the district court to eliminate an apparent cloud upon the title. It may not be practicable to delay the action, which perchance is to prepare the title so that the plaintiff may advance the administration of the estate in probate court to where a construction by that court is possible. Under such circumstances, when the district court finds it necessary, to effectuate its judgment determin-

ing adverse claims, to construe the will as an incident to its carrying out other duties, it being a court of competent jurisdiction, we hold that it has concurrent power with the probate court and that it has jurisdiction to entertain and pass upon the matter involved. We do not find anything in Duxbury v. Shanahan, 84 Minn. 353, 87 N. W. 944; Appleby v. Watkins, 95 Minn. 455, 461, 104 N. W. 301, 5 Ann. Cas. 471; McAlpine v. Kratka, 98 Minn. 151, 107 N. W. 961, or Merriam v. Wagener, 74 Minn. 215, 77 N. W. 44, which interferes with this conclusion. Had the probate court already construed the will binding upon the parties for want of an appeal, the construction thereof would control the district court. But such is not the case. The procedure of staying all proceedings as suggested in the Shanahan case until ultimate construction is made by the probate court is under the circumstances neither practicable nor effective. The district court is a court of general jurisdiction. It cannot be deprived of jurisdiction merely because the issues include the construction of the will which if standing alone would rest primarily with the probate court. When the district court thus finds it necessary to construe the will it has the necessary jurisdiction. The terms and conditions of the trust are exclusively for its determination.

2. Neither the acts of the two sons in encumbering their interest in said lands nor the subsequent conduct of their grantees can disturb plaintiff's possession, dominion or alienation of the land by virtue of her trust authority. There cannot be any doubt however that these sons had a contingent interest therein which was alienable but subject to the terms and conditions of the trust. They would have a very definite share in the residuum, if any, upon the termination of the trust. They have a vested interest in the trust property though they do not have title. Merriam v. Wagener, 74 Minn. 215, 77 N. W. 44. It may be reached by creditors. Appellants acquired liens, as between the parties directly involved, on the individual shares of the particular devisees. These liens may be divested by a sale made by the trustee. They are ineffectual and a nullity as to the title which plaintiff conveys to a purchaser. By

such sale the liens of appellants are thereby transferred from the interest in the land to the interest of the debtor in the proceeds of the land. For the purpose of determining the rights of the heirs or devisees and those claiming under them, the proceeds of the real estate which would go to them are treated and considered as real estate, not as personal property; and they receive them as a substitute for the real estate. Kietzer v. Nelson, 157 Minn. 463, 196 N. W. 641, and cases cited.

That part of the judgment contained in paragraph No. 1, which reads as follows:

"That the title to and dominion over the lands, described in the complaint herein and in said findings of fact, viz.: * * *, was, and is, vested in the plaintiff, as executrix and trustee with full power of sale, disposition and right of alienation of the whole or any part of said lands for the purpose of carrying out and executing the terms, conditions and provisions of the last will and testament of said decedent, and so remains until the object of the trust has been fully effectuated," is affirmed.

Paragraphs 2 to 6, inclusive, of the judgment which in effect say that the children do not have an alienable interest in the lands, and that appellants acquired no rights in said estate and that said mortgages, certificates of sale and judgment constitute such clouds upon plaintiff's title that she was entitled to have the same removed and judgment to that effect entered, and recover costs and disbursements from appellants, are reversed.

Reversed in part.