## WALLACE C. McWHINNEY v. LUCY M. GAGE AND ANOTHER.[1]

March 27, 1931.

No. 28,282.

W. A. McDowell, for appellants.

L. A. & A. P. Reed and Reed & Bergerud, for respondent.

[1]Reported in 235 N. W. 676.

142

LORING, J.

This is a suit to set aside an attachment levied July 18, 1928, upon real estate which the plaintiff claims to hold as trustee. The trial court found in favor of the plaintiff, the defendants moved for a new trial, and appealed to this court from the order denying that motion.

On May 12, 1892, Mary C. Vance and others conveyed to H. L. Humphrey certain property in trust, the net annual income of which was to be paid in part to Mary C. Vance and in part for the support and education of the children of one Roger C. Spooner. It was further provided that if Mary C. Vance should die without issue, the income should be paid to one Janette G. Spooner for the support of herself and family; and in case of her death before that of Roger C. Spooner, the income should be paid to the support of Roger C. Spooner and his family during his life. In case of the death of both Mary C. Vance and Roger C. Spooner, the income was to be paid to Janette G. Spooner for the support of herself and children so long as she should remain the widow of Roger C. Spooner. In case Janette should remarry and her children become self-supporting, the income was to be paid to Phillip L. Spooner, Jr; and after his death the trustee was directed to distribute the estate then existing to the children of Roger C. Spooner. The trustee had full power to convey any and all of the real and personal property, collect the proceeds, and reinvest the same as he might deem advisable.

On March 19, 1915, Janette G. Spooner, who was then the owner in fee of the property, Donald Spooner's interest in which the defendants have attempted to attach, conveyed it to the then successor of Humphrey as trustee, to be held according to the terms of the trust deed of May 12, 1892. The plaintiff in this action is the duly appointed successor of Humphrey as trustee.

Roger C. Spooner died on March 23, 1926, leaving two sons, Charles F. Spooner and Donald W. Spooner, and two grandchildren, John P. Spooner and Mary C. Spooner, children of his deceased son John Spooner. All of the other beneficiaries of the trust had

died prior to the death of Roger C. Spooner, and the only persons now interested as beneficiaries are his two sons and his two grandchildren.

On April 8, 1926, the plaintiff as trustee commenced a proceeding in the district court of Hennepin county under the registration act to have his various muniments of title accepted by the registrar of titles, and for the reissuance to the plaintiff of a certificate of ownership in the plaintiff as trustee, and further sought the court's order construing and confirming the trust and such other and further relief as appeared to the court to be equitable in the premises.

Appropriate proceedings followed by which a certificate of title was reissued to the plaintiff as such trustee, and he thereupon commenced a proceeding in the district court of Hennepin county by which he sought authority to obtain a loan upon the premises in question for the purpose of taking up a past due mortgage thereon. In the same proceeding he also sought the right, at the instance of the beneficiaries, to continue the trust with all the rights and powers specified in the trust deed until such time as the property could be sold to the best advantage. Such sale was to be made with the approval of the court. All of the surviving beneficiaries consented to the relief asked for in this proceeding, and a judgment was accordingly entered on May 25, 1926, which continued the trust with all the powers set out in the trust deed. It directed that the income from the property be paid, one-third to each of the sons of Roger C. Spooner, and one-sixth to each of the grandchildren, and that the trustee should hold the property until such time as in his judgment, with the approval of the court, it could be sold or disposed of to the best advantage, but that if no sale was made within seven years he was required to convey the property to the two sons and the two grandchildren.

It is the contention of the defendants that by the terms of the trust deed of 1892 the trusteeship expired at the death of Roger C. Spooner and that the title to an undivided one-third of the premises in question at that time vested in Donald W. Spooner, the same

144

being claimed to be in the nature of a vested remainder. It is the further contention of the defendants that the judgment of the district court of Hennepin county construing and defining the extent of the trust and continuing the plaintiff's trusteeship is void and of no effect.

With this latter contention we are unable to agree. The registration act authorizes a registered owner or other person in interest to apply to the court for relief upon "any * * * reasonable ground," and after proper notice the court may hear and determine the matters presented by the petition and may order the issuance of a new certificate, the entry of a memorial upon an existing certificate, or may grant any other relief which may be just. It is true that the trustee in the same petition sought authority to mortgage as well as the relief provided for in G. S. 1923 (2 Mason, 1927) § 8317. The parties in interest made no objection to this form of petition and consented to the relief sought.

█ This proceeding matured in a judgment which not only authorized the mortgage but defined the trust in this plaintiff with the seven-year limitation, as above stated. The court directed that the judgment be filed with the registrar and be entered as a memorial on the plaintiff's certificate of title. We regard the entry as a memorial upon a certificate of a judgment or decree by direction of the court in such a proceeding as having the same force and effect as the original decree and certificate of registration. G. S. 1923 (2 Mason, 1927) § 8280. It creates a title. It is not merely evidence of title. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8361; Henry v. White, 123 Minn. 182, 143 N. W. 324, L. R. A. 1916D, 4, and cases cited. We look to the certificate as the plaintiff's title, and the defendants cannot go behind it on any ground in controversy here.

It is true that upon the certificate the notation entered by the registrar merely referred to the part of the court's order authorizing the mortgage, but it did by way of reference give the number of the judgment as an instrument on file with the registrar. The notation contained no misleading statement as in the case of Horgan v.

Sargent, 182 Minn. 100, 233 N. W. 866; nor can we see how the appellants were prejudiced or deprived of any right or property by reason of the failure of the notation to explain on its face the entire scope of the judgment. The certificate noted the judgment as an order of the court, and it so became a part of the certificate and as such conclusive evidence of its contents. G. S. 1923 (2 Mason, 1927) § 8282.

■ That being the case, we do not go back to the effect of the death of Roger C. Spooner upon the trust or upon the title to this property. We determine both the title and the character of the trust from the tenor of the certificate, including the memorialized judgment or decree. The trust in the plaintiff is as defined in that decree, and it has not become passive; there is no specific property in which Donald Spooner has any interest which he can dispose of, and no interest therein which can be reached by attachment. Merriam v. Wagener, 74 Minn. 215, 220, 77 N. W. 44; First Nat. Bank v. Olufson, 181 Minn. 289, 232 N. W. 337; Damhoff v. Shambaugh, 200 Iowa, 1155, 206 N. W. 248. Neither the income from the trust property while still in the hands of the trustee nor the specific property held by the trustee from which the income is derived can be reached by attaching Donald's interest in the real estate. He had no interest, legal or equitable, in the specific property. G. S. 1923 (2 Mason, 1927) § 8095. Cases like Melby v. Nelson, 169 Minn. 273, 211 N. W. 465, are concerned with the residuum remaining after the execution of the trust, not with the title to the specific property held by the trustee under circumstances such as those here involved. Whether or how Donald's share in the residuum may be reached we are not now called upon to decide. We have carefully considered all cases cited by the appellants, but in our opinion this case is controlled by those cited herein.

The order appealed from is affirmed.