## HARTFORD ACCIDENT & INDEMNITY COMPANY v. A. P. ANDERSON AND OTHERS.[1]

June 29, 1934.

No. 29,840.

[1] Reported in 256 N. W. 185.

*Daly & Barnard,* for appellants.
*Sexton, Mordaunt, Kennedy & Carroll,* for respondent.

STONE, *Justice.*

Appeal from a judgment against sureties on the general bond of an administrator, requiring them to contribute one-half of the amount paid by plaintiff as the sole surety on the bond given by the administrator under a license to sell real estate. The bond was conditioned for his proper accounting of the proceeds of that sale. He was guilty of defalcation, which plaintiff, his surety, made good.

The facts need not be gone into further, for the single question of law is presented whether in such case there can be contribution in favor of the surety on the special sale bond and against those on the general bond of the administrator. Under Frederickson v. American Surety Co. 135 Minn. 346, 160 N. W. 859, and Southern Surety Co. v. Tessum, 178 Minn. 495, 228 N. W. 326, 66 A. L. R. 1136, there is no question but that the two sets of sureties are co-sureties as far as the obligees in and the beneficiaries of the sale bond are concerned. In both those cases the question arose between the beneficiaries of the bonds and the sureties. There was no occasion to consider the equities of the sureties as between themselves. In this state, as held in the Frederickson case, 135 Minn. 346, 160 N. W. 859, the sale of real estate and the accounting for the proceeds are considered part of the general duties of an administrator. Hence, as said in the Tessum case, 178 Minn. 495, 228 N. W. 326, 66 A. L. R. 1136, the liability under the sale bond is cumulative to that of the general bond. Were we to examine into the situation no further, a holding that there should be contribution would be inescapable. But we have not heretofore had occasion to determine the question whether a surety on the sale bond, who makes good a default of the principal, has paid any more than *his share* of a common liability so as to give him that equality of equity which is always condition precedent to contribution.

Plaintiff has paid nothing more than the special and limited liability which it underwrote. To say that the sales bondsmen and the general bondsmen are cosureties does not end the inquiry, if it be true, as we think it is, that as between themselves the sales bondsmen are primarily and the general bondsmen secondarily liable for a default in accounting for the proceeds of real estate sold under order of license.

There is a common liability of course. But the fact remains that plaintiff has paid no more than his just share thereof. The general bond is given first and its sum fixed on the basis of the probable value of the personal estate. The sale bond comes later and is a jurisdictional prerequisite to an order of license to sell and a sale thereunder. It is specially conditioned for the representative's discharge of his duties under the order of license and for his accounting for moneys received on account thereof. Hence when he pays that liability and nothing more, he is answering for only his own just and proper share of the default, which is the whole thereof. His equity is inferior to that of the general bondsmen. Without equality of equity, there can be no contribution. 6 R. C. L. 1036; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1921.

Judgment reversed.

HILTON, Justice (dissenting).

As I read the cases of Frederickson v. American Surety Co. 135 Minn. 346, 160 N. W. 859, and Southern Surety Co. v. Tessum, 178 Minn. 495, 228 N. W. 326, 66 A. L. R. 1136, I am forced to the conclusion that there should be an affirmance in this case. In the Frederickson case it was stated that the general bondsmen were primarily liable for any and all defaults of the guardian. In the Tessum case (citing the Frederickson case) it was stated that the liability of the bondsmen on the sales bond was cumulative and that there was no need of distinguishing between the two. In the majority opinion it is stated that "the sales bondsmen are primarily and the general bondsmen secondarily liable for a default in accounting for the proceeds of real estate sold under order of license." In my opinion this court should not at this late date change the rule of liability as established in the prior cases.